EMMERSON SEARS v. MARYLAND CASUALTY COMPANY.

(Filed 17 September, 1941.)

1. **Insurance § 48—Injured third party may not recover against insurer in liability policy, even under Virginia statute, when insured is not liable.**

In an action instituted against a Virginia "U-Drive-It" company and the bailee for hire of one of its cars to recover for injuries sustained as a result of the negligent operation of the car by the driver, plaintiff recovered judgment against the driver but judgment of involuntary nonsuit was entered in favor of the Virginia company and appeal therefrom was not perfected. Execution on the judgment against the driver was returned wholly unsatisfied. Plaintiff then instituted this action against the insurer in a liability policy issued to the Virginia company. Plaintiff relied not only on the policy, but also upon the provisions of sec. 4326 of the Code of Virginia, prescribing that liability or indemnity policies issued in that State shall provide for liability on the part of insurer if judgment against insured is uncollectible by reason of bankruptcy or insolvency, and further that such policies shall provide for liability on the part of insurer for damages resulting from negligence in the operation of the insured vehicles by any person legally using same with the express or implied permission of insured. *Held:* Even conceding that the Virginia statute should be considered as a part of the insurance contract in an action thereon in this State, the Virginia statute, although it enlarges insurer's liability to cover any liability of the insured for damages inflicted while the vehicles covered are operated by third parties with insured's express or implied consent, a correct construction of the statute does not impose liability on the part of insurer when there is no liability on the part of insured, and plaintiff having established the want of liability on the part of insured, insurer's motion to nonsuit should have been allowed.

2. **Same—**

A party injured by the negligent operation of an automobile covered by a liability insurance contract can have no greater right against insurer under the contract than that of insured, and his rights are perforce limited by the terms and conditions of the policy.

CLARKSON, J., dissents.

APPEAL by defendant from *Burgwyn, Special Judge,* at May Term, 1941, of PASQUOTANK. Reversed.

Civil action to recover on automobile liability policy issued by defendant to U-Drive-It Company, Inc., of Norfolk, Va.

On 27 April, 1939, the defendant issued its "garage liability policy" to the U-Drive-It Company of Norfolk, Va. This policy was in full force and effect at the time of the happening of the matters and things alleged in the complaint and included the automobile described in the complaint within its coverage.

On 19 August, 1939, the U-Drive-It Company rented to one Hobbs, by written agreement, one of its automobiles maintained in connection with its business. Hobbs, while operating the automobile in Currituck County, North Carolina, ran the automobile into the plaintiff inflicting certain personal injuries.

Thereafter, in February, 1940, plaintiff instituted an action in the Superior Court of Currituck County against the said Hobbs and the U-Drive-It Company to recover damages resulting from such personal injuries. At the trial of the cause, at the conclusion of the evidence for the plaintiff, judgment of involuntary nonsuit was entered as to the defendant U-Drive-It Company. The jury, as against Hobbs, answered the issues in favor of the plaintiff, awarding $3,000.00 damages. Judgment was duly entered on the verdict. Plaintiff excepted to the judgment of nonsuit as to the U-Drive-It Company but failed to perfect his appeal. Execution was issued on the judgment against Hobbs and was returned wholly unsatisfied. Thereafter, the plaintiff, in August, 1940, instituted this action against the defendant seeking to recover the amount of the judgment obtained, alleging that under the terms of its policy and the statutes of Virginia the defendant is liable for the payment thereof.

When this cause came on to be heard in the court below, parties waived trial by jury and submitted the cause to the judge presiding. Upon the hearing the judge overruled the motion for judgment as of nonsuit duly entered by the defendant when plaintiff rested, and renewed at the conclusion of all the evidence, and rendered judgment for the plaintiff. The defendant appealed.

*M. B. Simpson* for *plaintiff, appellee.*
*Whedbee & Whedbee* for *defendant, appellant.*

BARNHILL, J. On its appeal the defendant challenges the correctness of the ruling of the court below in permitting the proof over objection of the statutes of Virginia relating to Motor Vehicle Liability policies and contends that in any event the statute has no extraterritorial application. Interesting as these questions may be, we may pass them without discussion or decision and come to the exception to the refusal of the court to dismiss as of nonsuit. This exception is based primarily upon the contention that the court below misinterpreted the contract of insurance. We may decide the question thus raised upon the assumption (though we do not so decide) that the Virginia statute is to be considered a part of the policy in a suit thereon in this State.

Under its contract the defendant agreed "to pay on behalf of the insured all sums which the insured shall become obligated to pay by

reason of the liability imposed upon him by law for damages" either for personal injuries or property damage. The several automobiles covered and the conditions of liability are set out in the policy and the automobile which caused injury to the plaintiff is included.

The plaintiff relies not only on the policy as written but as amended by operation of law by sec. 4326 (a) of the Code of the State of Virginia. This statute requires that all liability policies thereafter issued shall contain the standard bankruptcy provision giving the injured person a remedy over against the insurance company when the judgment against the insured is uncollectible by reason of bankruptcy or insolvency. Thus it puts an end to any defense that the contract is one of indemnity only and not one of liability.

It further provides that:

"No such policy (policy of insurance against loss or damage resulting from accident to or injuries suffered by an employee or other person and for which the person insured is liable) shall be issued or delivered in this State, to the owner of a motor vehicle, by any corporation or other insurer authorized to do business in this State, unless there shall be contained within such policy a provision insuring such owner against liability for damages for death or injuries to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same with permission, express or implied, of such owner."

Passing the question whether a bailee for hire is one operating an automobile "with the permission" of the owner within the meaning of the statute, we come to the crux of the controversy between the parties: Can there be any liability under the policy in favor of a third party injured by the operator of an automobile embraced within the policy when there is no liability on the part of the insured?

That there is no liability on the part of the U-Drive-It Company to the plaintiff on account of the injuries sustained by him while Hobbs was operating its automobile has been established. Plaintiff sued the insured and his action was dismissed by judgment of involuntary nonsuit. He neither appealed nor instituted a new action. The judgment dismissing the action is *res judicata.*

Even so, plaintiff contends that Hobbs was the owner while operating the automobile within the meaning of the statute. In support of this position he relies upon *Newton v. Employer's Liability Assur. Corp.,* 107 Fed. (2d), 164. After a careful reading of this opinion we find that we are unable to concur in the conclusion reached. Hence, we are unable to adopt the view of the plaintiff.

Under the statute, as well as under the policy, the defendant insured the owner against liability for damage, for death or injury to person or

property.  The first paragraph thereof gives the injured person a right of action over against the insured when judgment has been obtained against the insured and execution thereon has been returned unsatisfied or when the insured, by reason of bankruptcy, is unable to pay.  The primary purpose of the second paragraph is to meet the defense in an action on the policy that the owner was not at the time of the accident operating the car personally or by his agent, although it was being operated by a member of his family or another with his express or implied consent.  This is the interpretation which has been placed upon a similar statute by the courts of the State of New York.  *Brustein v. New Amsterdam Casualty Co.,* 255 N. Y., 137; *Lavine v. Indemnity Co.,* 260 N. Y., 399; *Bakker v. Ætna Life Ins. Co.,* 264 N. Y., 150.

The contract is one between the defendant and the U-Drive-It Company.  Its purpose, as amended by the statute, is to protect the insured.  The statute does not convert it into a third party beneficiary contract, and a third party can have no greater right under the contract than the insured.  *Small v. Morrison,* 185 N. C., 577, 118 S. E., 12; Appleman, Automobile Liability Insurance, 293.

The parties have made their contract in plain and unambiguous language.  The statute, while it enlarges the coverage, makes no change as to the contracting parties or the party insured.  It does not amount to a third party beneficiary clause.  The coverage is no greater when the automobile is being used with the permission of the assured than when it is being used by the owner himself.  The defendant under the statute merely agrees to pay any liability of the owner arising out of the operation of the designated automobile by a third party with his express or implied consent.  Hence, a third party cannot recover from the insurer in the absence of proof of liability on the part of the insured.

The liability assumed by the insurer both under the policy and under the statute is the liability of the owner resulting from the negligent operation of the automobiles within the coverage of the policy.  It relates to a cause of action which arises in favor of the injured person against the insured.  The insurer is liable only when the insured is liable.  It is this liability that the defendant assumed and agreed to pay—and none other.

It would require a strained construction of the language of the policy and of the statute to hold that the plaintiff in this action who is not a party to the contract between defendant and the U-Drive-It Company acquired rights, either under the policy or under the statute, which are superior to those of the assured and that the defendant is liable to him although it is not liable to the party with whom the contract was made.  One who seeks to take advantage of a contract made for his benefit—if

indeed the contract of insurance can be so construed—must take it subject to all its terms and conditions. *Peeler v. Casualty Co.,* 197 N. C., 286, 148 S. E., 261.

As it is made to appear from the evidence offered by the plaintiff that there is no liability to the plaintiff on the part of the assured for the injuries received by him, there is no right of the insured to which plaintiff is subrogated under the terms of the Virginia statute. The evidence offered fails to make out a cause of action. The motion for judgment of nonsuit should have been allowed.

Reversed.

CLARKSON, J., dissents.