SHADOW *v.* STANDARD ACCIDENT INSURANCE COMPANY.

[No. 16,640.   Filed February 11, 1942.   Rehearing denied March 24, 1942.]

*Bert F. Wood, Ralph E. Brill* and *Frank Hamilton,* all of Terre Haute, for appellant.

*David E. Rosenfeld* and *Lewis R. Sutin,* both of Terre Haute, for appellee.

STEVENSON, J.—This is an appeal from a judgment which followed the ruling of a court sustaining a demurrer to appellant's complaint. The complaint alleged generally that the appellant, on the 25th day of May, 1936, had been injured through the negligence of one Kenneth Webster, who at the time was operating an automobile owned by the West Terre Haute Motor Corporation. The appellant recovered a personal judgment against Kenneth Webster because of said negligence in the sum of $1,000.00. The West Terre Haute Motor Corporation, however, was not liable for the negligent operation of this motor vehicle by the said Kenneth Webster, for the reason that no relationship of principal and agent or master and servant existed between them at the time of the injury, although the said Kenneth Webster was operating said automobile

with the consent of the president of the West Terre Haute Motor Corporation.

The West Terre Haute Motor Corporation carried a policy of insurance with the appellee at the time of the accident, which policy of insurance insured the West Terre Haute Motor Corporation against liability for damages arising out of bodily injuries sustained by any person not employed by the insured, as a result of any accident by reason of the ownership, operation or maintenance of any automobile owned by the assured.

The appellant contends that this policy of insurance inures to his benefit, by reason of § 177, of the Indiana Insurance Law, Chapter 162, Acts Indiana General Assembly 1935; § 39-4309, Burns' 1940 replacement. (This act was a re-enactment of § 1, ch. 180, Acts of 1931.) This section of the statute contains, among other provisions, the following statement:

> "No such policy shall be issued or delivered in this state to the owner of a motor vehicle, by any domestic or foreign corporation, insurance under-writers, association or other insurer authorized to do business in this state, *unless there shall be contained within such policy a provision insuring such owner against liability for damages for death or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, expressed or implied, of such owner."*
> (Our italics.)

The appellant contends that the provisions of this statute are mandatory, and, that by reason thereof, the protection afforded by the policy is extended not only to the owner of the automobile insured, but to every person who operates said automobile with the permission of the owner, either express or implied. The appellant contends that this section of the Indiana Insurance

Law is substantially the same as Sec. 109, of the New York Insurance Law, enacted by the Legislature of the State of New York in 1924. The appellant contends that this Sec. 109, of the New York Insurance Law, was interpreted by the Court of Appeals of New York as extending the coverage of such insurance policies to all persons operating the assured's automobile, described in such policy, providing such person had the owner's consent, express or implied, so to do. The appellant cites *Brustein* v. *New Amsterdam Casualty Co.* (1931), 255 N. Y. 137, 174 N. E. 304, as authority for his contention, and insists that, since this construction was placed upon such section of the New York statute, prior to the adoption of such statute by the State of Indiana, our General Assembly is presumed to have placed the same construction thereon, and, therefore, this court is bound by such legislative intent. We are, accordingly, asked to overrule the case of *Spicklemeier* v. *T. H. Mastin Co.* (1940), 107 Ind. App. 350, 354, 24 N. E. (2d) 797, wherein the language used in Sec. 177, of the Indiana Insurance Law was construed as affording protection to the owner of the automobile against such liability as was imposed by law against him. In that case, we said:

"Liability of the owner is the condition insured against and is the condition precedent on which the obligation of the insurance carrier depends. It was not the purpose of this statute to provide that everybody who might drive the owner's car with his permission, express or implied, should be insured against liability for negligence in its operation."

The appellant insists, however, that the case of *Brustein* v. *New Amsterdam Casualty Co.,* supra, is an express holding that liability of the owner is not deter-

minative of protection afforded by the policy of insurance.

In the Brustein case, an action was brought by the husband of Bessie Brustein against the New Amsterdam Casualty Co. to recover $2,634.00, the amount of a judgment which he had recovered against Sol Pion for loss of services of his wife. Previously, the wife had also recovered a judgment against Pion, for injuries sustained by her in the same accident. Pion carried a policy with the New Amsterdam Casualty Co., which insured him against loss, in respect to "bodily injuries or death only." Brustein contends that, under Sec. 109, of the New York Insurance Law, the policy in suit was required to contain "a provision insuring such owner against liability for damages for death *or injuries to person or property* resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner." Brustein accordingly contends that under this statute the policy covered "injuries to person or property" and, therefore, afforded him protection in his action for loss of services of his wife. The court, in discussing this statute, said at p. 141:

"The standard provisions provided for in section 109 are three in number and are aimed at separate recognized evils. The standard bankruptcy provision gives the injured person a remedy over against the insurance company when the judgment against the insured is uncollectible by reason of bankruptcy or insolvency. (*Merchants' Mutual Automobile Liability Ins. Co.* v. *Smart*, 267 U. S. 126.) It puts an end to the rule that a contract of liability insurance is to be regarded as one of indemnity only. The second provides a standard rule as to the time and manner of notice to the insurer instead of leaving such matters to be covered by the

individual contract. The third is an 'additional interest' clause aimed to protect the public against the operation of a car by others than the owner, provided they have the owner's consent, express or implied. *The primary purpose of this requirement is to meet the defense in an action on the policy that the owner was not at the time of the accident operating the car personally or by his agent, although it was being operated by a member of his family or another with his consent express or implied."* (Our italics.)

The appellant contends that, by reason of this language, the Court of Appeals of New York has definitely and positively stated that the effect of this statute is to afford protection to the public against the negligent operation of an automobile described in the policy *without regard to the liability of the owner or assured.* The appellant contends that the only limitation on this rule is that the automobile shall have been legally operated and with the owner's consent. We cannot agree with this contention, and it is our opinion that the Court of Appeals of New York did not intend to place such construction thereon. The question before the Court of Appeals of New York in the Brustein case was whether or not the terms of the policy, insuring against "bodily injuries or death," were enlarged by the terms of the statute to include "injuries to person or property." The Court of Appeals held that the statute did not enlarge the coverage and the Court said at p. 143:

"In the absence of a direct legislative mandate that the owner of a car must insure against all such injuries, a reasonable construction of the provision in question is that the policy must be read as if it contained an extended liability clause, but that *it may be limited in amount and coverage as the parties may agree."* (Our italics.)

This Brustein case was again cited by the Court of Appeals in the case of *Bakker* v. *Aetna Life Ins. Co.* (1934), 264 N. Y. 150, 155, 156, 190 N. E. 327. In this case, the policy contained the provision that the automobile described therein ". . . 'shall be personally driven only by James D. Ryan or by any person within the age limit provided by the policy when accompanied by such named driver.'" The accident occurred while the car was driven with Ryan's consent, but the person driving was not accompanied by him. The court again quoted from the Brustein case, and held that the statute was sufficient to extend the coverage of the policy to cover the injured person. Judge Crane, in a concurring opinion, discloses that the court had in mind, however, that in all events the owner was equally liable. This is manifested by the following language:

> "Where, however, the policy is issued to cover the operation of the automobile doing damage there is one specific instance upon which no limitation can be placed by agreement, and that is, the operation of the car with the express or implied consent of the owner. If he has consented to the operation of the car at the time and place *the insurance company must pay the damage if the owner cannot.*" (Our italics.)

The confusing language of the Court of Appeals of New York is clarified considerably by the language of the Supreme Court, Appellate Division, in the case of *Devitt* v. *Continental Casualty Co.* (1935), 245 App. Div. 115, 116, 117, 118, 119, 281 N. Y. S. 336. In this case the plaintiff, under § 109, of the Insurance Law, sought to recover upon an automobile insurance policy issued to one Joseph H. Bennett. At the time of the accident, Bennett was riding in his automobile which was being driven by his small son. The son had no operator's license, was not legally entitled to

one, and could not legally operate a car on the highway. The insurance policy contained the provision that the assured would not permit such motor vehicle to be operated " '. . . by any person under the age limit fixed by law or under the age of fourteen years in any event, or who for any reason is not permitted by the laws of the State of New York to operate or drive motor vehicles. . . .' " The insurance company accordingly defended this action on the theory that the driver was not " '*legally* using or operating the automobile with the permission, express or implied, of such owner.' " The court, in discussing the applicability of § 109, of the Insurance Law, called attention to § 59 of the Vehicle and Traffic Law for the State of New York, which made every owner of a motor vehicle,

> " 'liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle or motorcycle, in the business of such owner or otherwise, by any person *legally* using or operating the same with the permission, express or implied, of such owner.' "

The court in seeking to reconcile § 59 with § 109 said:

> "The defendant argues and the court below has held that as it was unlawful for the driver of the car to operate it because of the fact that he was under age and had no license, therefore, he was not *legally* using or operating such motor vehicle within the meaning of section 59 of the Vehicle and Traffic Law and section 109 of the Insurance Law, and that for such reason the policy excluded liability here. This argument, however, overlooks the main purpose of the statute. It is true that by the Vehicle and Traffic Law the operation of cars by persons under the prescribed age is prohibited and made a crime, the obvious reason therefor being that it is deemed unsafe and dangerous to permit persons under the specified age to drive. The manifestly different purpose of section 59 of such law *is to extend the liability of the owner of*

*the car* for injuries caused by persons operating the car with his permission, regardless of the competency or incompetency of the operator.

"It seems illogical to say that this section contemplates liability of the insurer for injuries caused by a person operating the car with the permission of the owner, where such person is of proper age and competent, and in the same breath to say that where the owner enhances the danger to the public by permitting his car to be operated by a person under the permitted age and incompetent, such insurer is not liable therefor, because forsooth, the car is not being 'legally' used or operated. The owner is free to avoid such liability by withholding his permission for the operation of the car by another. If he sees fit to permit the car thus to be operated, *the law makes him liable for injuries resulting therefrom,* regardless of whether the driver is competent and authorized by law to operate cars on the highway, or incompetent and forbidden by law to drive. *In either case the liability of the insurer is co-extensive with that of the owner.*

"It was said in *Brustein* v. *New Amsterdam Casualty Co.* (255 N. Y. 137), that this clause in section 109 of the Insurance Law is aimed to protect the public against the operation of a car by others than the owner, provided they have the owner's consent, express or implied. This was reiterated in *Bakker* v. *Aetna Life Insurance Co.* (264 N. Y. 150), and in the concurring opinion of the present chief judge, it was said: 'The purpose of the provision is apparent. It is made for the benefit of persons injured or suffering damage *and not solely for the benefit of the insured.* The latter may be one of the reckless, impecunious kind, as is so often the case, indifferent to a judgment against him and execution-proof. In other words, he may have no property to respond to money damage. The Legislature has sought to meet this difficulty by providing that when the insurance company insures an owner of an automobile it must also assume the risk of damage caused by one operating the car with the owner's consent.

" 'If the insurance policy in this case had contained a clause exempting the insurance company

from liability for any damage caused by an automobile driven by the owner's servant or by a person using it with his consent, clearly it would have been illegal; it would have rendered the statute nugatory and useless. Any agreement which limits the full force and effect of this statute is illegal.'"
(Our italics.)

The court concludes its discussion of these two pertinent statutes in the following language:

*"Undoubtedly, the intent of said section 109 is to impose upon the insurer the same liability imposed upon the insured by said section 59.* The pertinent language of the sections is identical. Such liability of the owner, the insurer, by said section 109, is required by its policy to insure."
(Our italics.)

It is apparent, therefore, when the Court of Appeals of New York used the language upon which the appellant relies, in the Brustein case and in the Bakker case, it had in mind the additional statutes which imposed liability upon the owner. It was this liability of the owner which the insurance policy must protect, and the insurance carrier cannot write into the policy a limitation that will permit the defense "that the owner was not at the time of the accident operating the car personally or by his agent, although it was being operated by a member of his family or another with his consent express or implied." *Brustein* v. *New Amsterdam Casualty Co., supra,* at p. 142. The owner of the automobile is liable when driven under such circumstances, under the New York statute, and it is this liability which the owner must insure, if he desires to insure at all.

The appellant draws our attention to the case of *Newton* v. *Employers' Liability Assur. Corporation Ltd.* (1939), 107 F. (2d) 164, as authority for his position.

We have read this case carefully and, with all due respect to the learned Judge who wrote the opinion, we think the court failed to fully consider the effect of the statute of New York, which enlarged the liability of automobile owners.

This Federal Court case was argued in the Supreme Court of North Carolina, as supporting the contention of the appellant in the case of *Sears* v. *Maryland Casualty Co.* (1941), 220 N. C. 9, 11, 12, 16 S. E. (2d) 419. In this case, the appellant was injured by the negligent operation of an automobile rented from the U-Drive-It Company, Inc. It was being operated at the time of the injury by one Hobbs. The statute of Virginia is the identical statute considered by the federal court in the Newton case, and is the same statute as § 109, of the New York Insurance Law. The court, in discussing the liability of the insurance company, said:

> "Passing the question whether a bailee for hire is one operating an automobile 'with the permission' of the owner within the meaning of the statute, we come to the crux of the controversy between the parties: Can there be any liability under the policy in favor of a third party injured by the operator of an automobile embraced within the policy when there is no liability on the part of the insured?

> "That there is no liability on the part of the U-Drive-It Company to the plaintiff on account of the injuries sustained by him while Hobbs was operating its automobile has been established. Plaintiff sued the insured and his action was dismissed by judgment of involuntary nonsuit. He neither appealed nor instituted a new action. The judgment dismissing the action is *res judicata*.

> "Even so, plaintiff contends that Hobbs was the owner while operating the automobile within the meaning of the statute. *In support of this position he relies upon Newton* v. *Employer's Liability Assur. Corp., 107 Fed. (2d), 164. After a careful reading of this opinion we find that we are un-*

*able to concur in the conclusion reached.* Hence, we are unable to adopt the view of the plaintiff.

"Under the statute, as well as under the policy, the defendant insured the owner against liability for damage, for death or injury to person or property. The first paragraph thereof gives the injured person a right of action over against the insured when judgment has been obtained against the insured and execution thereon has been returned unsatisfied or when the insured, by reason of bankruptcy, is unable to pay. The primary purpose of the second paragraph is to meet the defense in an action on the policy that the owner was not at the time of the accident operating the car personally or by his agent, although it was being operated by a member of his family or another with his express or implied consent. This is the interpretation which has been placed upon a similar statute by the courts of the State of New York. *Brustein* v. *New Amsterdam Casualty Co.*, 255 N. Y. 137; *Lavine* v. *Indemnity Co.*, 260 N. Y. 399; *Bakker* v. *Aetna Life Ins. Co.*, 264 N. Y. 150.

"The contract is one between the defendant and the U-Drive-It Company. Its purpose, as amended by the statute, is to protect the insured. *The statute does not convert it into a third party beneficiary contract, and a third party can have no greater right under the contract than the insured.* *Small* v. *Morrison,* 185 N. C. 577, 118 S. E. 12; Appleman, Automobile Liability Insurance, 293.

"The parties have made their contract in plain and unambiguous language. The statute, while it enlarges the coverage, makes no change as to the contracting parties or the party insured. It does not amount to a third party beneficiary clause. The coverage is no greater when the automobile is being used with the permission of the assured than when it is being used by the owner himself. *The defendant under the statute merely agrees to pay any liability of the owner arising out of the operation of the designated automobile by a third party with his express or implied consent.* Hence, a third party cannot recover from the insurer in the absence of proof of liability on the part of the insured.

"The liability assumed by the insurer both under the policy and under the statute is the liability of

the owner resulting from the negligent operation of the automobiles within the coverage of the policy. It relates to a cause of action which arises in favor of the injured person against the insured. *The insurer is liable only when the insured is liable.* It is this liability that the defendant assumed and agreed to pay—and none other."

In the case at bar, it is our opinion that it is the liability of the owner that was insured against by the policy in suit, and it was not the purpose of the statute in question to enlarge this liability to afford protection to others not within the contemplation of the contracting parties.

We are confirmed in this belief by the fact that there was passed by the General Assembly in 1931, an Act concerning the financial responsibility of owners and operators of motor vehicles for damages caused by their operation, which Act was ch. 179, Acts of 1931, approved March 13, 1931.

The section of this statute, dealing with the requisite provisions of motor vehicle liability policies was reenacted in 1935, ch. 113, § 47-1036, Burns' 1940 Replacement. This reenacted section of the 1931 statute provides that a motor vehicle liability policy may be issued in this State which shall either: (1) Insure the person named therein, "and any other person using or responsible for the use" of a motor vehicle, with the consent, express or implied, of such insured against loss from the liability imposed by law upon such insured or upon such other person for injuries to person or property growing out of the operation of such automobile; or, (2) insure the person named therein against loss from liability imposed by law upon such insured for injuries to person or property growing out of the operation of such automobile.

This same session of the Legislature, on the next day, March 14, 1931, passed the Act concerning standard provisions for liability insurance policies, which was reenacted in § 177, ch. 162, Acts of 1935 as heretobefore set out. This Act contains the provision which the appellants contend affords coverage for all persons operating the automobile described in the policy, so long as such operation is with the owner's consent. When these two statutes are considered together, it seems clear that the Legislature did not intend to nullify the statute which authorized two types of motor vehicle liability policies by the adoption, the next day, of an Act concerning standard provisions for liability insurance policies. Generally speaking, when two Acts are passed at the same session of the Legislature, dealing with the same subject-matter, the court must so interpret such Acts as to render them harmonious, and give effect and efficiency to both, if possible. *C. I. & L. R. R. Co.* v. *Downey* (1937), 103 Ind. App. 672, 5 N. E. (2d) 656; *Sherfey* v. *City of Brazil* (1938), 213 Ind. 493, 13 N. E. (2d) 568; *Long, Mayor* v. *Kinney* (1936), 210 Ind. 192, 1 N. E. (2d) 929.

The fact that the provisions of the motor vehicle liability policies were reiterated by the General Assembly in 1935, whereby the Legislature again provided for two types of policies, one insuring the owner, and the other, the owner and all other persons using or responsible for the use of such motor vehicle, with the consent of the owner, convinces us that the Legislature did not have in mind the fact that the 1931 Act, governing standard provisions for liability insurance policies, even though carried forward and embodied in § 177 of the Insurance Code, ch. 162, Acts of 1935,

required an omnibus coverage, to be read into all motor vehicle liability policies.

We accordingly reaffirm our position taken in the case of *Spicklemeier* v. *T. H. Mastin Co., supra,* and hold that the court did not err in sustaining the demurrer to the appellant's complaint.

Finding no reversible error, the judgment of the trial court is affirmed.,

NOTE.—Reported in 39 N. E. (2d) 493.