The STATE of Indiana on the Relation of the INDIANA STATE BOARD OF FINANCE and the State of Indiana Budget Agency, Relators,

v.

The MARION COUNTY SUPERIOR COURT, CIVIL DIVISION, Room 4, and the Honorable Richard L. Milan, Respondents.

No. 779S173.

Supreme Court of Indiana.

Nov. 2, 1979.

Theo. L. Sendak, Atty. Gen., Frederick S. Bremer, Deputy Atty. Gen., Indianapolis, for relators.

Gilbert E. Mascher, Elrod & Elrod, Indianapolis, for respondents.

HUNTER, Justice.

On the petition of relators, we issued a temporary writ of mandate and prohibition on July 2, 1979, ordering the respondent court to vacate its Preliminary Injunction and Writ of Mandate of June 8, 1979, in cause number S479–0582, which attempted to provide emergency funding for the Violent Crime Compensation Division. The respondent court was also prohibited from entering any further orders purporting to direct the Indiana State Budget Agency or the Indiana State Board of Finance to provide funding for the Violent Crime Compensation Division of the Indiana Rehabilitation Services Board. We now consider the question of whether a permanent writ should issue.

This case originated on February 11, 1979, when Roland D. Rice filed a claim for compensation as a victim of a violent crime with the Violent Crime Compensation Division. Although Rice was at first notified that his claim was being processed, he was later notified on May 10, 1979, that further investigation and final adjudication of his application were being held in abeyance due to lack of funding for the division. The Indiana General Assembly had appropriated only one dollar for the administration of this division in 1979 and 1980, although they had appropriated substantial funds for the three other divisions of the Indiana Rehabilitation Services Board.

Rice then filed a Complaint for Mandate, Preliminary Injunction and Damages in the Marion County Superior Court on the theory that the Indiana Rehabilitation Services Board could be ordered to fund the administration of the Violent Crime Compensation Division by transferring funds to it from the other three divisions. The respondent court issued a Preliminary Injunction and Writ of Mandate on June 8, 1979, which enjoined the Indiana Rehabilitation Serv-

ices Board from ceasing the operations of the Violent Crime Compensation Division and directed the State Budget Agency to provide adequate funding for the division or, if such funding was not provided, for the State Finance Board to transfer sufficient funds to the division.

The court found that since the statutes creating the Violent Crime Compensation Division were mandatory, any funding which was not appropriated would have to be provided through a discretionary transfer of funds. Relators, who were mandated to make the transfer of funds, petitioned this Court for immediate relief. Argument was heard by this Court on June 27, 1979, and a temporary writ was issued. Respondents then filed a verified return raising three issues as to why the temporary writ should not be made permanent.

■ The respondents first allege that the extraordinary remedy of a writ is not appropriate when an interlocutory appeal is available to the relators. However, the remedy of extraordinary relief is appropriate whenever a clear and obvious emergency exists and the failure of this Court to act would result in substantial injustice. *State ex rel. Gibson General Hospital v. Warrick Circuit Court*, (1966) 247 Ind. 240, 214 N.E.2d 655.

■ As this case presents an emergency and a situation of substantial public interest concerning the discretionary transfer of public moneys contrary to the expressed will of the legislative branch, the remedy of extraordinary relief in this Court is appropriate. *State ex rel. Goldsmith v. Superior Court of Hancock County*, (1979) Ind., 386 N.E.2d 942; *State ex rel. Sendak v. Marion County Superior Court*, (1978) Ind., 373 N.E.2d 145.

■ The next issue we must address is whether the respondent court exceeded the scope of its judicial authority by ordering the exercise of purely discretionary powers by one administrative agency in order to prevent the default of another administrative agency. The respondent court found

that the statutes creating the Violent Crime Compensation Division are mandatory in form and require that the division "*shall* maintain a principal office and staff in Indianapolis." Ind.Code § 16–7–3.6–4(1) (Burns Supp.1979), [emphasis added].[1]

■ The respondent court also found that the Indiana Rehabilitation Services Board could not continue the operation of the Violent Crime Compensation Division because of the lack of funding for that division by the General Assembly. The court therefore concluded that it must order the transfer of funds from some other source in order to continue the division. The court looked to other statutes which give the State Budget Agency and the State Finance Board the discretion to transfer, assign and reassign appropriations and ordered the transfer of funds under those statutes.[2] However, these statutes are clearly discretionary in nature and do not have mandatory provisions for the emergency funding of any agencies.

■■ It is clear that it is proper for a court to mandate an administrative agency to act in accordance with its statutory duty. *Indiana Alcoholic Beverage Commission v. State ex rel. Harmon*, (1978) Ind., 379 N.E.2d 140; *Indiana State Highway Commission v. Zehner*, (1977) Ind.App., 366 N.E.2d 697. Even though courts do have the authority to compel public officials to act where there is a clear legal duty to perform, they cannot compel exercise of a discretionary act in any particular manner. *Indiana State Highway Commission v. Zehner, supra; State ex rel. Public Service*

*Commission v. Johnson Circuit Court*, (1953) 232 Ind. 501, 112 N.E.2d 429.

The case cited by the respondents, *Wayne Twp. v. Brown*, (1933) 205 Ind. 437, 186 N.E. 841, is distinguishable from the present situation. In that case there was a clear statutory duty to provide funding for a specific part of the township trustees' welfare program. The legislature gave the county council the optional tool of borrowing money to meet this duty. This Court required the council to meet the statutory duty of advancing sufficient moneys to the trustee by using the optional tool of borrowing to the extent that other sources of funding were inadequate because the council could not be allowed to ignore its statutory duty to provide funding under that statute.

In the instant case, while the Violent Crime Compensation Division is set up under mandatory statutes, there is no provision for the mandatory funding of it. There is no statutory provision for the Indiana Rehabilitation Services Board to provide funding for this division by transferring funds away from the operation of its other three divisions. There is no statutory duty for either the State Finance Board or the State Budget Agency to provide emergency funding for any specific agency. These agencies' powers to transfer funds are clearly discretionary. Therefore, we hold that the respondent court exceeded its authority in ordering the State Finance Board or the State Budget Agency to use their discretionary powers to transfer funds in a specific way.

1. Ind.Code § 16–7–3.6–2. "The violent crime compensation division is established as a division of the Indiana rehabilitation services board . . . ."
Ind.Code § 16–7–3.6–3. "The division *shall* promulgate regulations . . . to implement this chapter. The director of the violent crimes compensation division *shall* be appointed . . . ."
Ind.Code § 16–7–3.6–4. "In addition to powers and duties granted by IC 16–7–3.5 the division:
"(1) *shall* maintain a principal office and staff in Indianapolis;
(2) *shall* maintain no more than twelve [12] regional offices throughout the state;

(3) *shall* prescribe forms for processing applications for assistance;
(4) . . .
(5) *shall* hear and determine all claims for assistance filed under this chapter, and reinvestigate or reopen cases as the division deems necessary;
(6–9) . . . ." [Emphasis added.]

2. See Ind.Code § 4–9.1–1–1 (Burns Supp.1979), Ind.Code § 4–9.1–1–7(a) (Burns Supp.1979), Ind.Code § 4–12–1–12(e) and (f) (Burns Supp. 1979), and Ind.Code § 4–12–1–15 (Burns Supp. 1979).

The respondents also contend that their actions were justified because of the ambiguity of legislative intent and the necessity to provide for temporary relief to intended beneficiaries of the Violent Crime Compensation Division. The General Assembly originally established the division in 1977, reenacted it over the governor's veto in 1978, and added some minor administrative amendments in 1979. There is no ambiguity about the establishment of the division. There is also no ambiguity in the 1979 budgeting provisions for the Indiana Rehabilitation Services Board. Substantial sums were appropriated for three of its divisions, but only one dollar was appropriated for the Violent Crime Compensation Division.

While this Court can sympathize with the feeling of the respondent court in trying to protect the claims of the plaintiff below and all such similarly situated persons who have been victims of violent crime and are now temporarily without relief, we must be guided by the Indiana Constitution, Article 3, § 1, which clearly divides the powers of the government into three separate departments. The judicial branch is not at liberty to substitute its judgment for that of the General Assembly in making appropriations and cannot interfere with the clearly expressed appropriations of the legislative branch. ·State ex rel. Public Service Commission v. Johnson Circuit Court, (1953) 232 Ind. 501, 112 N.E.2d 429, In re Northwestern Indiana Telephone Co., (1930) 201 Ind. 667, 171 N.E. 65.

We realize the long established principle that it is the proper function of the courts to construe and harmonize conflicting statutes so as to give effect and efficiency to both if they have been passed at the same session of the legislature, or if they were passed at different sessions to give effect to the later of the two. Long v. Kinney, (1936) 210 Ind. 192, 1 N.E.2d 929; Newbauer v. State, (1928) 200 Ind. 118, 161 N.E. 826; Shadow v. Standard Accident Insurance Co., (1942) 111 Ind.App. 19, 39 N.E.2d 493. However, since we find no ambiguity here, we must be guided by the above cited constitutional principles that

the courts cannot substitute their judgment for that of the legislative branch as to where appropriations need to be made.

Our constitution is clear that the judicial department cannot exercise any of the functions of either the legislative department or executive, including the administrative department. We therefore hold that the respondent court exceeded its authority in ordering the State Board of Finance and the State Budget Agency to use their discretionary powers to transfer funds in a particular manner. The temporary writ of mandate and prohibition is hereby made permanent.

GIVAN, C. J., PRENTICE and PIVAR-NIK, JJ., concur.

DeBRULER, J., concurs in result.