STATE of Indiana, ex rel. James H. KINDRED, Relator,

v.

The MORGAN CIRCUIT COURT, the Honorable James E. Harris, and the Honorable John Mowrer, as Judges Thereof, Respondents.

No. 883S280.

Supreme Court of Indiana.

Oct. 31, 1983.

John D. Boren, Boren & Oliver, Martinsville, for relator.

Jane Spencer Craney, Pros. Atty., Martinsville, for respondents.

GIVAN, Chief Justice.

Relator sought a Writ of Prohibition and Mandamus from this Court against the respondents. After a hearing held August 3, 1983, we denied the petition. We now ratify the denial.

The Petition sought a Writ of Prohibition against the Morgan County Circuit Court and the Honorable John Mowrer, Special Judge, to prevent Judge Mowrer from continuing to preside in proceedings against relator. He also sought a Writ of Mandamus requiring the Honorable James Harris to resubmit a panel of special judge candidates pursuant to Criminal Rule 13.

The facts are these: Relator filed a motion in the Morgan Circuit Court seeking a change of judge from the Honorable James Harris. This motion was granted by Judge Harris in open court on February 10, 1983. At that time the judge named a panel of special judge candidates consisting of the Honorable John Mowrer, the Honorable Linda Chezem and the Honorable Patricia

Gifford. Relator and his counsel were present in court when the panel was announced. On February 22, 1983, in a written Ruling on The Motion for a Change of Judge, Judge Harris found the relator was entitled to the change and again named a panel. However, this panel contained the name of the Honorable Roy Jones and not the name of the Honorable Patricia Gifford. On March 3, 1983, relator's counsel struck the name of the Honorable Linda Chezem. On March 4, 1983, the judge took note of the discrepancy between the February 10 oral panel and the February 22 written panel. He then entered a *nunc pro tunc* order correcting the written order so it was in accord with the panel named February 10. On March 8, 1983, the State struck the Honorable Patricia Gifford. The Honorable John Mowrer, the remaining judge from the February 10 panel, was then named special judge. He appeared and qualified on March 16, 1983. Relator then sought a change of judge from Judge Mowrer. It was denied.

Relator contends the action of Judge Harris in amending the panel after one party had struck but before the other party had such opportunity was beyond the jurisdiction of the court and was inconsistent with the mandate of Criminal Rules 12 and 13.

This Court has stated: "The extraordinary remedy of a writ is not appropriate unless a clear and obvious emergency exists and the failure of this court to act would result in substantial injustice." *State ex rel. Harris v. Scott Circuit Court,* (1982) Ind., 437 N.E.2d 952; *State ex rel. Indiana State Board of Finance v. Marion County Superior Court,* (1979) 272 Ind. 47, 396 N.E.2d 340.

In the case at bar, relator fails to demonstrate that a clear and obvious emergency, which would result in substantial injustice, exists. Relator's trial is not to be conducted by a judge he struck nor by a judge he had no opportunity to strike. The selection of either Judge Chezem or Judge Jones could have placed the relator in a position that was inconsistent with the spir-

it of C.R. 12 and C.R. 13. However, that is not the case at bar. Judge Mowrer was selected and his name was on every panel offered to the relator. The relator had every opportunity to strike Judge Mowrer. Relator has not shown how the appointment of Judge Mowrer has placed him in a position of substantial harm.

Relator raises five peripheral issues in his *Memorandum of the Law.* However, these are matters reviewable on an appeal. Ind.R.O.A. 2(C) reads: "Original actions are viewed with disfavor and may not be used as substitutes for appeals." Ind.R.O.A. 3(A)6 provides that in order to obtain an original action "the remedy available by appeal will be wholly inadequate." Writs of Mandamus and Prohibition are not to be used in cases where the appellant process is sufficient to correct any possible errors. Thus, we will not address the appealable matters raised by relator.

The Petition for Writ of Prohibition and Mandamus is hereby denied.

All Justices concur.