## LEE ALAN BRYANT HEALTH CARE FACILITIES, INC., Appellant–Plaintiff,

### v.

## John HAMILTON, in his official capacity as Secretary of the Family and Social Services Administration, Family and Social Services Administration, Division of Disability, Aging and Rehabilitative Services, and Robert Hornyak, Acting Director Residential Care Assistance Program, Appellees–Defendants.

### No. 61A04–0210–CV–516.

Court of Appeals of Indiana.

Aug. 12, 2003.

Janet A. McSharar, Thomas E. Schulte, Harrison & Moberly, L.L.P., Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

BROOK, Chief Judge.

In its petition for rehearing, Lee Alan Bryant Health Care Facilities, Inc. ("Bryant Health Care"), contends that in our original opinion, we incorrectly assumed that the Division of Disability and Rehabilitative Services ("DDARS") is unable to fund all eligible applicants for the Residential Care Assistance Program ("RCAP"). *See Lee Alan Bryant Health Care Facilities, Inc. v. Hamilton,* 788 N.E.2d 495 (Ind.Ct.App.2003). Bryant Health Care contends that DDARS designated no evidence that it would be unable to provide assistance to every eligible RCAP applicant. We grant rehearing for the limited purpose of addressing Bryant Health Care's contention.

In support of its motion for summary judgment, DDARS designated undisputed evidence of a projected budgetary shortfall for RCAP. As we explained in our original opinion, absent a statutory mandate to fund all eligible RCAP applicants, DDARS is under no legal obligation to do so. *Id.* at 501; *cf. Center Township v. Coe,* 572 N.E.2d 1350 (Ind.Ct.App.1991). Although Indiana Code 12–10–6 prohibits DDARS from creating a waiting list of RCAP applicants, it does not prohibit DDARS from disbursing its RCAP appropriation at its discretion. We therefore leave the disbursement of RCAP funds to DDARS's discretion. *See State Bd. of Fin. v. Marion County Superior Ct.,* 272 Ind. 47, 49, 396 N.E.2d 340, 343 (1979) ("Even though courts do have the authori-

ty to compel public officials to act where there is a clear legal duty to perform, they cannot compel exercise of a discretionary act in any particular manner.").

NAJAM and BAILEY, JJ., concur.