# Richmond

RICHARD GERALD AMBROSE, AN INFANT, ETC. v. ACACIA
MUTUAL LIFE INSURANCE COMPANY, ETC.

November 21, 1949.

Record No. 3534.

Present, All the Justices.

The opinion states the case.

*White, Ryan & Holland*, for the plaintiff in error.

*Williams, Cocke & Tunstall*, for the defendant in error.

MILLER, J., delivered the opinion of the court.

On December 17, 1943, Elizabeth Patrick made written application to an agent of the Acacia Mutual Life Insurance Company for life insurance in the sum of $2,000. A policy on her life was issued on February 28, 1944, in which her son, Richard Gerald Ambrose, was named beneficiary. The policy was allowed to lapse on May 28, 1945, for non-pay-

ment of premiums. On July 17, 1945, written application for reinstatement was made by insured and upon payment of past due premiums and accrued interest, it was reinstated. For non-payment of premiums, it lapsed again on January 28, 1946, but a second written application for reinstatement was made on March 28, 1946, and upon payment of past due premiums with interest, the application was approved April 1, 1946, and the policy again reinstated.

Insured died October 4, 1946. Upon refusal to pay the $2,000, provided for in the policy, the beneficiary instituted this action against the company. At the trial, defendants' motion to strike out plaintiff's evidence was sustained. After return of the jury's verdict, a judgment was entered in favor of defendant company and from that judgment this writ of error was awarded.

The Company says that false statements and representations material to the risk were made by Elizabeth Patrick when she first secured the policy and when each application for reinstatement was made, which were relied upon by it and constituted fraud in each instance. It contends that not only could the validity of the policy have been contested for fraud within a year after its date, but that it may be contested within a year after each reinstatement, for fraud perpetrated upon the company to secure the reinstatements.

The pertinent parts of the respective statutes of Virginia limiting the time within which (a) the validity of a policy of life insurance may be contested for any cause other than non-payment of premiums, and (b) the circumstances and conditions under which a lapsed life insurance policy may be reinstated, read:

"Section 4228. * * * Nor shall such policy be contestable for any cause after it shall have been in force during the lifetime of the insured for one year from its date, except for nonpayment of premiums. * * *."

"Section 4251c. Standard provisions required in life insurance policies.—(a) * * * no policy of life insurance * * *

shall be issued or delivered in this State or be issued by a life insurance company organized under the laws of this State, *unless the same shall contain in substance the following provisions:*

\* \* \* \* \* \* \*

"Tenth. A provision that if in event of default in premium payments the value of the policy shall have been applied automatically to the purchase of other insurance as provided for in this section, and if such insurance shall be in force and the original policy shall not have been surrendered to the company and canceled, the policy may be reinstated within three years from such default, upon evidence of insurability satisfactory to the company and payment of arrears of premiums \* \* \* with interest on said premium \* \* \* at a rate not exceeding six per centum per annum payable annually, *and that such reinstated policy shall be contestable, on account of fraud or misrepresentation of material facts pertaining to the reinstatement, for the same period after reinstatement as provided in the policy with respect to original issue.* (Emphasis supplied.)

"(b) \* \* \* any policy of life insurance may be issued or delivered in this State which in the opinion of the State Corporation Commission contains provisions on any one or more of the several foregoing requirements more favorable to the policyholder than hereinbefore required."

The material provisions contained in the policy incident to (1) the period of contestability, and (2) the conditions upon which reinstatement may be had in case the policy is allowed to lapse are:

"Incontestability. This policy shall be incontestable after one year from its date of issue except for non-payment of a premium or instalment thereof; \* \* \*."

"Reinstatement. This policy, if lapsed and if not surrendered for its cash value, may be reinstated at any time upon presentation to the Company's Home Office of evidence of insurability satisfactory to the Company and the payment of overdue premiums with interest at the rate of

six per centum per annum from their respective due dates. * * * ."

Insured died within a year after the last application was made for reinstatement and within a year after the reinstatement actually took place and became effective. It was shown in evidence that the Company instituted a suit in equity against the beneficiary on the 20th day of March, 1947, contesting the validity of the insurance policy. In that proceeding, which was brought in Pennsylvania, jurisdiction was obtained of the beneficiary where he then resided, and tender of $314.27, alleged to be the amount of premiums paid with accrued interest, was made. The Company sought cancellation of the policy on the ground that fraud had been perpetrated by insured upon it when the last reinstatement of the policy was obtained. It now says that by the institution of that suit it complied with the time limit fixed in the statute and policy within which contest must be made.

The beneficiary asserts that the policy is incontestable for fraud after *one year from its date* provided insured survives its issuance for such period and so meets the requirements of section 4228 of the Code. In other words, he says that a period of one year within which to question the validity of the policy for fraud is not allowed after each reinstatement, but is limited to the year next following the date of the original policy. The beneficiary also contends that the suit instituted by the company should have been against the administrator of the insured and not against the beneficiary alone, that tender of $314.27 was insufficient and not a proper tender, and that fraud in the procurement of the last reinstatement was not conclusively proved but was a controverted question of fact to be determined by the jury.

We will not now stop to consider the sufficiency of the tender, or whether the chancery suit omitted a necessary party, or whether fraud in the procurement of the reinstatement was conclusively proved. For if plaintiff be correct in his assertion that fraud perpetrated to secure the rein-

statement is not a good defense in this action, decision of those other questions is rendered unnecessary.

We now give our attention to the primary and immediate legal question, which is—

If the policy be in force for more than a year during the lifetime of insured and is allowed to lapse, and its reinstatement is obtained upon false representations material to the risk, is the company entitled to another year after the reinstatement within which to contest the validity of the policy for fraud perpetrated to secure the reinstatement?

Plaintiff relies upon sections 4228 and 4251c of the Code to sustain his position that fraud in the procurement of this reinstatement is not a defense to his action because no provision was contained in the policy or written application for reinstatement reciting that the policy shall be contestable for fraud or misrepresentation pertaining to the reinstatement.

The original policy, dated February 28, 1944, was never surrendered to the company or cancelled. No new policy was ever issued, but in each instance the old policy was reinstated. It is wholly devoid of any provision asserting a right to contest its validity for fraud pertaining to the reinstatement though section 4251c, in unambiguous language, requires its presence unless a provision incident thereto more favorable to insured be contained therein.

It therefore appears that insurer knowingly elected to leave out of the policy the provision mentioned in the statute that expressly permitted a period ensuing after each reinstatement within which to contest the policy for fraud or misrepresentation pertaining to the reinstatement, and thereby purposely made its conditions incident to paragraph Tenth of section 4251c obviously more favorable to the insured as contemplated and allowed by paragraph (b) of said section.

Defendant, having issued such policy omitting all reference to the right to contest for fraud incident to reinstatement, cannot now be heard to say that its provisions in that respect are not in the opinion of the State Corporation

Commission more favorable than required by statute. *Virginia Auto Mut. Ins. Co. v. Brillhart*, 187 Va. 336, 46 S. E. (2d) 377.

In addition to containing a clause which recites part of the statutory language of the Tenth paragraph of section 4251c and is more favorable to insured than required, the policy, by brief, plain and unequivocal language limits the period of its contestability for any cause other than non-payment of "a premium or instalment thereof" to one year "from its date of issue."

There is marked division of authority upon the question of whether or not a new period of definite duration with that recited in the policy within which its validity may be contested for fraud exists after each reinstatement. Many decisions are to the effect that a new period within which contest may be made on grounds other than non-payment of premiums follows each reinstatement; others hold that the period of contestability immediately following the date of the policy is the only one available to insurer. That such conflict of opinion exists is made apparent by 45 C. J. S., "Insurance", sec. 748, p. 765, and 29 Am. Jur., "Insurance," sec. 896, p. 685.

An additional or third view which constitutes a definite minority holds that after reinstatement of a lapsed policy it can be contested for fraud for an indefinite period. Vol. 1, Appleman on Insurance, sec. 320, 28 Va. L. Rev. p. 809, and 8 University of Detroit Law Rev., pp. 74-81.

Among decisions holding that the validity of the policy may not be questioned after each reinstatement for fraud incident to the reinstatement where no such right pertaining to reinstatement was reserved in the policy are: *New York Life Ins. Co. v. Campbell*, 191 Ark. 54, 83 S. W. (2d) 542; *New York Life Ins. Co. v. Dandridge*, 202 Ark. 112, 149 S. W. (2d) 45, 134 A. L. R. 1519; *Wamboldt v. Reserve Life Ins. Co.*, 191 N. C. 32, 131 S. E. 395, 45 A. L. R. 1360; *Mutual Life Ins. Co. v. Lovejoy*, 203 Ala. 452, 83 So. 591;

*Dorval* v. *Guarantee Trust Life Ins. Co.*, 308 Ill. App. 323, 31 N. E. (2d) 385.

However, the majority of judicial decisions and authorities are to the effect that the policy may be assailed for fraud in procurement of its reinstatement at any time within the same period following the reinstatement as could have been done following its original issuance. *Wallach* v. *Aetna Life Ins. Co.*, 78 F. (2d) 647; *Tatum* v. *Guardian Life Ins. Co.* (C. C. A.), 75 F. (2d) 476; *State Life Ins. Co.* v. *Spencer* (C. C. A.), 66 F. (2d) 640; *Great Western Life Ins. Co.* v. *Snavely* (C. C. A.), 206 F. 20, 46 L. R. A. (N. S.) 1056; *Aetna Life Ins. Co.* v. *Dunken*, 266 U. S. 389, 45 S. Ct. 129, 69 L. ed. 342; *New York Life Ins. Co.* v. *Odom*, 93 F. (2d) 641; *Rosenthal* v. *New York Life Ins. Co.*, 94 F. (2d) 675, reaffirmed in 99 F. (2d) 578; *Teeter* v. *United Life Ins. Co.*, 159 N. Y. 412, 54 N. E. 72, and Vol. 1, Appleman on Insurance, sec. 320.

Yet we find no case among the majority decisions to the effect that insurer may contest for fraud incident to each reinstatement where it has failed to comply with a definite legislative enactment requiring a recital in the policy by the insurer that such contestable period is applicable to the reinstatement as is required by section 4251c of the Code of Virginia. 45 C. J. S., "Insurance," sec. 747, p. 760.

We are reminded that this court has heretofore held that pertinent statutes are read into and deemed parts of the contract of insurance as though they were actually set forth therein and that such is the settled law. *Maxey* v. *American Cas. Co.*, 180 Va. 285, 23 S. E. (2d) 221, and Appleman, Insurance Law and Practice, Vol. 13, sec. 7382, p. 8, *et seq.*, are cited in support of that assertion and to sustain the correctness of that conclusion.

To that statement we take no exception. For in the cited decision, the provision in question which had been omitted from the policy was of benefit to insured. The company was properly denied the power to deliberately omit the provision favorable to the insured, and by so doing render the

statutory enactment abortive and thus deprive insured of the benefit given him in the statute. Nor does the citation relied upon from Appleman, Insurance Law and Practice, *supra*, undertake to say that the insurer may omit a statutory provision which is for its own benefit and then avail itself of the fruits of such omission.

The Company may not omit the provisions and yet claim their benefits, and thereby render the conditions of the policy as onerous to insured as they would have been had the provisions been included and notice of their terms thereby given and assented to by insured. To so conclude is not a denial of the principle that pertinent statutes are to be read into and deemed a part of the contractual terms of the policy. It is but a fair interpretation forbidding the company from profiting by its own deliberate omission of a statutory requirement.

In our opinion, the legislature, in its wisdom and with foresight, imposed this condition for the express purpose of allowing the insurer to include a provision in its policy reserving to it the right to contest the validity of the policy for fraud in obtaining the reinstatement; or permitting insurer to omit this provision if it chose to include a provision more favorable to insured, and having elected to do the latter, it is now precluded from contesting its validity after expiration of one year during the lifetime of the insured next following its original date.

We conclude that the evidence should not have been stricken out by the court. Payment of all premiums is not denied. There is no intimation that the case was not fully developed by each litigant.

It necessarily follows that plaintiff is entitled to judgment for $2,000, and there appears to be no just reason why interest should not be allowed from the date of insured's death.

The judgment of the trial court is reversed and under authority of section 6365 of the Code, judgment for $2,000,

with interest from October 4, 1946, will be entered in this court in favor of plaintiff.

*Reversed and final judgment.*

EGGLESTON, J., dissenting.

It is an elementary rule of construction of insurance contracts that statutory provisions prescribing the duties and obligations of the contracting parties are as much a part of the policy as if incorporated therein. This court has applied that principle in numerous cases. Among them are *Union Central Life Ins. Co.* v. *Pollard*, 94 Va. 146, 153, 26 S. E. 421, 64 Am. St. Rep. 715, 36 L. R. A. 271; *Maxey* v. *American Cas. Co.*, 180 Va. 285, 290, 23 S. E. (2d) 221, 223. See also, *Newton* v. *Employers Liability Assur. Corp.*, C. C. A. 4, 107 F. (2d) 164, 166 (applying the law of Virginia); Cyc. of Insurance Law (Couch), Vol. I, sec. 150, p. 297 *ff.*

As I read the majority opinion, it holds that such rule of construction is to be applied if the statutory provision which is omitted from the policy is *adverse* to the insurer, but is not to be applied if it is *favorable* to the insurer.

I cannot agree with such holding. Some such statutory provisions are designed to protect the insured or the beneficiary from imposition, others are intended to protect the insurer from fraud or injustice. The statute here involved is of the latter type. But whichever may be the purpose of the particular provision, it embodies the public policy of the State with respect to the subject matter and, whether actually transcribed in the policy or not, becomes "as much a part of the contract as if it were incorporated in it." (*Maxey* v. *American Cas. Co., supra*, 180 Va., at page 290, 23 S. E. (2d) at page 223.)

Consequently, I am of opinion that the Insurance Company had the right, under the terms of the statute (Michie's Code of 1942, sec. 4251c), to contest the policy for fraud or misrepresentation of material facts pertaining to the reinstatement within "the same period after reinstatement as provided

in the policy with respect to original issue," that is, within one year of the date of such reinstatement.

The policy here involved was issued without medical examination and was based on a written application signed December 17, 1943, in which the insured answered certain questions indicating that she was not suffering from any serious disease and had not recently consulted a physician. It lapsed for non-payment of premiums in May, 1945, and was reinstated without medical examination on a written application dated July 17, in which the insured made the same statements.

In January, 1946, the policy again lapsed for non-payment of premiums and was reinstated without medical examination on an application dated March 28, in which the insured again stated that she was not suffering from serious disease and had not recently consulted a physician.

On October 4, 1946, the insured died of heart trouble. The undisputed evidence is that she had suffered from a serious heart ailment continuously since before the issuance of the policy. It also shows, contrary to the statement in the application on which the policy had been last reinstated, that she had recently been examined and treated by a physician for this heart condition.

The chief underwriter for the Insurance Company testified that the policy would not have been written or reinstated if the true condition as to the health of the insured had been disclosed in these applications.

While there was evidence which tended to show that at the time the first two applications were signed the insured told the soliciting agent of her condition and he did not correctly transcribe such information in the applications, there is no such evidence with respect to the application for the final reinstatement of the policy which was taken by a different agent. It is thus conclusively shown that the policy was last reinstated on the basis of statements of the insured

with respect to her health which were untrue and were material to the risk assumed.

I agree with the trial court that under such circumstances a recovery on the policy should be denied.

GREGORY and SPRATLEY, JJ., concur in this dissent.