# Richmond

## State Farm Mutual Automobile Insurance Company v. Charles F. Duncan.

April 23, 1962.

Record No. 5391.

Present, All the Justices.

*John H. Thornton, Jr.* and *Robert J. Rogers* (*Woods, Rogers, Muse & Walker,* on brief), for the plaintiff in error.

*R. R. Rush* (*Robert S. Guerrant,* on brief), for the defendant in error.

EGGLESTON, C. J., delivered the opinion of the court.

This is an action at law by Charles F. Duncan, sometimes hereinafter referred to as the plaintiff, against State Farm Mutual Automobile Insurance Company, sometimes hereinafter referred to as the defendant, to recover the sum of $8,000, with interest and costs, alleged to be due under the terms of an automobile liability insurance policy issued to him by that company under the provisions of the Uninsured Motorist Law.[1]

The motion for judgment alleges that on November 20, 1959, there was in effect an automobile liability insurance policy issued to the plaintiff by the Insurance Company on the former's Mercury automobile; that under the terms of the policy the Insurance Company agreed to pay all sums which the plaintiff should be legally entitled to recover from the operator of an uninsured automobile; that on September 15, 1960, the plaintiff recovered a judgment for $8,000, with interest and costs, against George Anderson Manuel for damages for personal injuries in an automobile collision caused by the negligence of Manuel; that the automobile which was being driven by Manuel was an "uninsured automobile;" and that under the terms of the policy the plaintiff was entitled to recover of the defendant Insurance Company the full amount of the judgment which he had recovered against Manuel.

The Insurance Company filed a special plea, moving for a dismissal of the action on the ground that at the time the plaintiff, Duncan, had instituted his action against Manuel, he (Duncan) failed to serve upon the Insurance Company a copy of the process against Manuel, as required by Code, 1960 Cum. Supp., § 38.1-381 (e) (1).

Trial by a jury was waived and all questions of law and fact were submitted to the trial court for determination upon the pleadings and a written stipulation of facts. In a written opinion the court held

[1] Code, 1960 Cum. Supp., § 38.1-381, as amended. (Acts 1958, ch. 282, p. 336; Acts 1959, Ex. Sess., ch. 42, p. 117; *Id.,* ch. 70, p. 163; Acts 1960, ch. 462, p. 721.) For comments on the Uninsured Motorist Law in Virginia, see 47 Va. Law Review, p. 145; 16 Washington and Lee Law Review 134.

that the Insurance Company had waived the statutory requirement for service of process on it by, (1) incorporating in the policy, issued subsequent to the effective date of the statute, a provision for "Notice of Legal Action" which "is entirely different from the provisions" of the statute and "more favorable to the insured;" and (2) conduct which indicated that it did not intend to rely upon the statutory requirements. Accordingly, the court overruled the special plea and entered judgment in favor of the plaintiff against the defendant Insurance Company for the full amount claimed. From that judgment the Insurance Company has appealed.

The assignments of error challenge the correctness of the trial court's ruling in overruling the defendant's special plea and entering judgment in favor of the plaintiff for the amount claimed.

These are the facts as disclosed by the pleadings and stipulation: On October 24, 1959, the defendant Insurance Company issued to Duncan its liability policy covering the operation of his 1957 Mercury automobile. The policy contained an endorsement whereby the Insurance Company agreed, among other things, to pay to Duncan, the insured, such sums as he should be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injuries sustained by the insured. This endorsement was the standard uninsured motorist provision required by Code, 1960 Cum. Supp., § 38.1-381(b), approved by the State Corporation Commission on July 1, 1958, and put into effect by the defendant Insurance Company on that date.

On November 20 Duncan, while operating the automobile referred to in the policy, was involved in a collision with a truck owned and operated by Manuel. Duncan made claim against Manuel for damages on account of the injuries sustained by him in the collision. It was subsequently ascertained that Manuel was not covered by liability insurance on the truck operated by him at the time of the accident and accordingly Duncan, through his attorney, asserted a claim against the State Farm Mutual under the uninsured motorist provisions of the policy which had been issued to him. The representatives of the plaintiff and the Insurance Company held several conferences in the effort to settle the plaintiff's claim against the Insurance Company, but were unsuccessful.

On April 12, 1960, Duncan, by his attorney, filed a motion for judgment against Manuel, and on the same day delivered a copy of such motion to a local representative of the Insurance Company. However, no effort was made by the plaintiff to have served on the

Insurance Company, "in the manner prescribed by law," a copy of the motion for judgment or process which had been served on Manuel.

On September 3 the plaintiff, through his attorney, notified the Insurance Company in writing that his suit against Manuel had been scheduled for trial on September 15. On the latter date, when the case came on for trial, there was no appearance on behalf of Manuel or of the Insurance Company. A judgment was entered in favor of the plaintiff, Duncan, against Manuel in the amount of $8,000, with interest and costs. When Duncan's demand on the Insurance Company to pay the amount of the judgment was rejected, the present suit was instituted.

The Insurance Company based its special plea on the failure of the plaintiff to have served on it a copy of the process against Manuel as required by Code, 1960 Cum. Supp., § 38.1-381(e)(1). The pertinent portion of this statute reads as follows:

"Any insured intending to rely on the coverage required by paragraph (b)[2] of this section shall, if any action is instituted against the owner or operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant; such company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner or operator of the uninsured motor vehicle or in its own name; * * *." Acts 1959, Ex. Sess., ch. 70, p. 163.

The plaintiff argues that he has the right to rely upon the terms of the policy as written, and that since it makes no mention of the statutory provision requiring service of process on the Insurance Company, the latter has no right to rely upon it as a defense to this action. The ready answer to this argument is that it is an elementary rule of construction of insurance contracts that such a statutory provision is as much a part of the policy as if incorporated therein. And the trial court so held in its written opinion in the present case. See *Maxey* v. *American Casualty Co.*, 180 Va. 285, 290, 23 S. E. 2d 221, 223; *Storm* v. *Nationwide Mutual Ins. Co.*, 199 Va. 130, 135, 97 S. E. 2d 759, 762; *Ampy* v. *Metropolitan Casualty Ins. Co.*, 200 Va. 396, 400, 105 S. E. 2d 839, 844.

---

[2] This paragraph requires an automobile liability insurance policy to contain "an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle," within the stated limits. Code, 1960 Cum. Supp., § 38.1-381(b), as amended.

In *Creteau* v. *Phoenix Assurance Co.*, 202 Va. 641, 643, 644, 119 S. E. 2d 336, 339, we held that the provision in the statute requiring service on the insurance company of a copy of the process against the owner or operator of an uninsured motor vehicle "is mandatory and establishes a condition precedent to the benefits of the statute unless waived by the insurance company."

Therefore, in the present case, since the plaintiff is proceeding under and seeking the benefits of the Uninsured Motorist Law, of which § 38.1-381(e)(1) is a part, the critical issue is whether the Insurance Company has waived this statutory requirement for service of process. The trial court held that it had done so by incorporating in the policy this provision:

"4. *Notice of Legal Action.* If, before the company makes payment of loss hereunder the insured or his legal representative shall institute any legal action for bodily injury or property damage against any person or organization legally responsible for the use of an automobile involved in the accident, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded immediately to the company by the insured or his legal representative." [3]

The trial court reasoned that the provision for "Notice of Legal Action" was "entirely different" from and "more favorable to the insured" than the provisions of § 38.1-381(e)(1), and that the incorporation of the former in the policy constituted a waiver of the latter under the principles stated in *Ambrose* v. *Acacia Mutual Life Ins. Co.*, 190 Va. 189, 56 S. E. 2d 372. There we held that the incorporation in a policy of a clause relating to its reinstatement, different from and more favorable to the insured than the statutory requirement, was binding on the insurance company. In that case the policy and statutory provisions were designed for the same purpose and were conflicting.

In the present case, the "Notice of Legal Action" and the statutory provisions are not designed for the same purpose, nor are they in conflict or inconsistent with one another.

---

[3] Under the language of the policy this provision applies to actions against both known and unknown uninsured motorists. According to the stipulation, the form of the policy was approved by the State Corporation Commission on July 1, 1958. This is the same date on which Code, § 38.1-381(e), providing for actions against unknown uninsured motorists, became effective. Acts 1958, ch. 282, p. 336.

Section 38.1-381(e) carries a provision requiring the service of process upon the insurance company issuing the policy, "as though such insurance company were a party defendant," and giving the company "the right to file pleadings and take other action allowable· by law in the name of John Doe," the named defendant.

The obvious purpose of the "Notice of Legal Action" provision is to give the insurance company notice of the institution of a suit by its insured against an uninsured motorist in order that the company may inquire into the matter and take such steps as it deems necessary to protect its interests. It is vitally interested in such a suit in two ways. Under the terms of its policy it will have to pay whatever judgment its insured may recover against the uninsured motorist. Under § 38.1-381(f), upon the payment of such claim, it is subrogated to the rights of its insured against such uninsured motorist.

But the statutory provision found in Code, 1960 Cum. Supp., § 38.1-381(e)(1), goes far beyond merely notifying the insurance company of the commencement of the suit. It contemplates that process will be served on the owner of an uninsured motor vehicle in order that the action may proceed against him. In addition, it requires that a copy of the process served on the uninsured motorist shall be likewise served on the insurance company "in the manner prescribed by law, as though such insurance company were a party defendant." It then provides that "such company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner or operator of the uninsured motor vehicle or *in its own name*." (Emphasis added.) Thus, by virtue of the service of process on the insurance company it is brought into court and may intervene in the proceedings "in its own name."

On the other hand, the "Notice of Legal Action" provision goes no further than to provide for notice to the insurance company of the suit. Acceptance by the insurance company of such notice does not constitute a waiver of process or an appearance in the suit, nor does it give the insurance company the right to file pleadings or to intervene in the case "in its own name."

Furthermore, there is no conflict or inconsistency between the "Notice of Legal Action" provision and the statutory requirement for the service of process. There is no suggestion in the language of the policy provision that it was designed to take the place of the statutory requirement. Each provision may be complied with without interfering with the other. In short, they are supplementary to and not inconsistent with each other.

In *Creteau* v. *Phoenix Assurance Co., supra*, 202 Va., at page 644, 119 S. E. 2d, at page 339, we quoted with approval this language from 19 Mich. Jur., Waiver, § 2, pp. 534, 535:

"Waiver is the intentional relinquishment of a known right, with both knowledge of its existence and an intention to relinquish it.

\* \* \* \* \* \* \*

"A waiver of legal rights will not be implied except upon clear and unmistakable proof of an intention to waive such rights. \* \* \*"

In the present case there is no indication in the "Notice of Legal Action" provision, or elsewhere in the policy, of any "intentional relinquishment" by the Insurance Company of the provisions of the statute.

Consequently, we do not agree with the trial court that the insertion in the policy of the "Notice of Legal Action" provision constituted a waiver of the statutory requirement for the service of process on the Insurance Company.

Nor do we agree with the trial court that when the representatives of the defendant Insurance Company dealt with the representatives of the plaintiff in the effort to settle the dispute between them, it became the duty of the representatives of the Insurance Company to advise the plaintiff that it was relying upon the provisions of the statute rather than the terms and provisions of the policy, and that having failed to so notify the plaintiff, the company has waived or is estopped to rely upon the statute.

We have been pointed to no principle of law, nor do we know of any, which requires a party, during negotiations for the settlement of a controversy with his adversary, to notify his adversary that should the negotiations fail and litigation follow, he will rely upon any particular defense which may be available to him.

On the whole, our conclusion is that the trial court should have sustained the defendant Insurance Company's special plea and dismissed the action. Accordingly, a final judgment to that effect will be entered here.

*Reversed and final judgment.*