**OCCIDENTAL LIFE INSURANCE COMPANY OF CALIFORNIA, Appellant,**

v.

**Anne Dion SOBIESKI, Appellee.**

No. 22517.

United States Court of Appeals
Fifth Circuit.

April 13, 1966.

James A. Dixon, Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, Fla., for appellant.

Marvin I. Wiener, Miami, Fla., for appellee.

Before PHILLIPS,* JONES and BROWN, Circuit Judges.

JONES, Circuit Judge:

A policy of insurance in the amount of $13,860 was issued on August 23, 1954, on the life of Francis A. Sobieski by the appellant, Occidental Life Insurance Company of California, payable upon the death of the insured to the appellee, Anne Dion Sobieski. The insured died on June 28, 1963. Occidental refused to make payment to the beneficiary who brought suit in a Florida court from which the action was removed to the Federal district court because of diversity of citizenship. The policy had a clause permitting reinstatement after lapse for nonpayment of premiums. It provided that reinstatement should be subject to evidence of insurability of the insured satisfactory to the insurance company. By the policy it was also provided that it should be incontestable after two years from its date of issue. In its answer Occidental stated that the policy lapsed in 1961 for nonpayment of a premium. On February 28, 1962 the insured and the beneficiary made application for reinstatement in which it was stated that the insured had not, since the date of the application for the policy, had any illness or injury, and had not consulted a physician. Occidental alleged that these statements were false and known to be false, and that the insured had undergone hospital treatment on four occasions since the policy had been issued. All of the dates of hos-

pitalization were prior to the lapse of the policy. In the answer of Occidental it was stated that if the true facts had been disclosed it would not have reinstated the policy.

The district court entered an order granting a summary judgment for the beneficiary. Because no notice had been given to Occidental the order was vacated. The time had then expired for the taking of depositions, and Occidental was unable, because of hospital regulations, to show the hospitalization of the insured by affidavits. The court entered another summary judgment for the appellee-beneficiary and from that judgment this appeal has been taken. The appellee states in her brief that the district court held, by the entry of the summary judgment, that the insurer could not contest the reinstatement of the policy since the incontestability clause did not reserve any such right.

In 1938 the Supreme Court of Florida decided the case of Winer v. New York Life Insurance Co., 138 Fla. 818, 190 So. 894, in which it was held that, "as to fraud in the procurement of the reinstatement, the contestable period begins to run anew as of the date of reinstatement." The reasons for the rule are set forth in New York Life Insurance Company v. Burris, 174 Miss. 658, 165 So. 116, from which the Florida court quotes in *Winer.* See also Franklin Life Insurance Co. v. Parish, 5th Cir. 1940, 109 F.2d 276; Lanier v. New York Life Insurance Co., 5th Cir. 1937, 88 F.2d 196. If the principle announced in *Winer* is now the law of Florida then it is applicable here and the judgment must be reversed.

In 1959 the Florida Legislature adopted an insurance code which revised, consolidated and classified the statutory insurance laws of the State of Florida. Included in the code is the following:

"A reinstated policy of life insurance, fixed dollar annuity contract or variable annuity contract may be contested on account of fraud or misrep-

* Of the Tenth Circuit, sitting by designation.

resentation of facts material to the reinstatement only for the same period following reinstatement and with the same conditions and exceptions as the policy provides with respect to contestability after original issuance." F.S.A. § 627.0221 as amended July 1, 1961.

It is the contention of the appellee that this statutory provision requires the insurer to stipulate by a policy provision that it may contest the validity of a reinstatement within the designated period if it is to have such a right. To support its position it directs the Court's attention to Ambrose v. Acacia Mutual Life Insurance Co., 190 Va. 189, 56 S.E.2d 372. Reliance upon this precedent is misplaced. The Virginia statute, there construed, prohibited the contesting of a policy after it had been in force for a year, except for nonpayment of premiums. The statute required that no policy of life insurance should be issued unless it contained a clause for the reinstatement of the policy after a lapse for default in the payment of premiums and providing such reinstated policy shall be contestable on account of fraud or misrepresentation of material facts pertaining to the reinstatement for the same period after reinstatement as provided in the policy with respect to the original issue. The policy issued by Acacia Mutual had a one-year after issue incontestable clause and a clause permitting reinstatement. It did not contain any provision for contesting because of fraud in procuring a reinstatement as is required by the Virginia statute. The Virginia court recognized that, although there is a minority rule, the majority of judicial decisions permit a policy to be assailed for fraud in procuring reinstatement within the same period following reinstatement as could have been done following the original issuance. But, said the Virginia court, the failure of the insurer to follow the requirement of the Virginia statute deprived it of the right which the statute permitted it to reserve.

■ The Florida statutory provision is not one requiring the inclusion of a policy provision. It supplies the applicable clause and it operates in the absence of an express policy provision. It incorporates as a statutory rule that which the *Winer* decision requires to be inferred as being intended by the parties. There is nothing in the Florida statute to indicate any requirement that the right to contest a reinstatement must be reserved in the policy. On the contrary, the statutory intent is clear as to the existence of such right in the absence of a policy provision. We have no occasion to consider the effect of a policy provision in conflict with the statute. The policy here does not have any express reference to fraud or misrepresentation. The rule of the statute and the rule of *Winer* are the same.

■ There should be an opportunity given to Occidental to develop the fact issues. If it is shown that there was a false representation material to the risk made with a conscious intent to deceive the policy would be voided. Prudential Insurance Co. of America v. Whittington, Fla.App., 98 So.2d 382; State Farm Mutual Automobile Insurance Co. v. Lee, 5th Cir. 1965, 343 F.2d 55; Metropolitan Life Insurance Co. v. Fugate, 5th Cir. 1963, 313 F.2d 788. Since the Sobieski policy was issued before the Florida Insurance Code of 1959 was enacted, the section of the Code, F.S.A. § 627.01081, relating to the contesting of a policy because of misrepresentations and omissions, has no application to the case before us. Metropolitan Life Insurance Co. v. Fugate, supra.

The judgment of the district court is reversed and the cause remanded for further proceedings in accordance herewith.

Reversed and remanded.