## CIRCUIT COURT OF FAIRFAX COUNTY

Cook et al.

v.

Ford Motor Co. et al.

August 21, 1991

Case No. (Law) 97149

By JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court is the Motion for Partial Summary Judgment filed by the defendant, Ford Motor Company.

For purposes of this motion, Ford Motor Company has accepted the allegations of the plaintiffs' Motion for Judgment as true. *See* Memorandum in Support of Ford Motor Company's Motion for Partial Summary Judgment at 1-2. The plaintiffs purchased a new demonstrator 1988 Ford Thunderbird on February 4, 1989, from defendant, Ourisman's World of Ford (hereinafter referred to as the "Dealer"). Four days later, on February 8, 1989, the plaintiffs began to experience transmission failure. After six unsuccessful repair attempts by the dealer, the vehicle was taken out of service on September 9, 1989, and parked at the plaintiffs' residence.

Plaintiffs subsequently notified the Ford Motor Company and the dealer in writing on September 14, October 16, and November 16 of 1989 that the plaintiffs were invoking their rights under the Virginia Motor Vehicle Warranty Act, Va. Code §§ 59.1-207.9, *et seq.*, known as Virginia's "Lemon Law." These claims were denied orally by Ford Motor Company.

In September, 1989, the plaintiffs defaulted on their loan from Ford Motor Credit Company, and the vehicle

was repossessed on December 15, 1989. Ford Motor Credit Company later sold the vehicle.

Plaintiffs filed a Motion for Judgment on May 9, 1990, setting forth four different counts as its basis for recovery. In Count I, the plaintiffs seek damages based on § 59.1-207.14. The Ford Motor Company seeks entry of partial summary judgment on this Count. The Court heard argument on the motion on May 10, 1991, and took the matter under advisement. Each party subsequently filed memoranda of law addressing the issue presented.

Ford Motor Company argues in its Motion for Partial Summary Judgment that the plaintiffs are barred from recovering pursuant to the Act because they are presently unable to return the defective automobile to the manufacturer in exchange for a refund or a replacement vehicle. The plaintiffs argue in response that Ford Motor Company was given proper notice of their intent to take advantage of the Act's remedies, but that Ford refused to acknowledge its responsibility to make arrangements for the plaintiffs' return of the defective vehicle at the time plaintiffs were in possession. Because the plaintiffs' inability to return the car was caused by the manufacturer, the plaintiffs conclude that they should not be barred from recovering pursuant to the Act. The matter appears to be one of first impression, the Virginia Supreme Court having not yet had the opportunity to address the issue.

The General Assembly of Virginia enacted the Warranty Act to protect consumers who had purchased nonconforming and defective vehicles, and for which the Uniform Commercial Code, Virginia Code § 8.2-101 *et seq.*, and the Magnuson-Moss Warranty Act, 15 U.S.C. 2301 *et seq.* provide minimal relief. *See generally* Nance, "Virginia's Lemon Law: the Best Treatment for the Car Owner's Canker?," 19 U. Rich. L. Rev. 405, cited in plaintiffs' Response to Partial Summary Judgment. *See also* LaManna, "Lemon Laws: An Expansion of Remedies for New Car Buyers," For the Defense, DRI, July, 1991, at 3. In light of the Act's remedial purpose, the Act should be read broadly to effectuate the legislative intent.

In my judgment, under the facts of this case, the Act does not require possession and return of the vehicle as a condition precedent to recovery. To require continued possession of a defective vehicle in the face of a manufacturer's refusal to promptly make arrangements for the

vehicle's return after proper notification is given, invests in the manufacturer the power to frustrate the Act's remedial purpose, which includes the resolution of consumer complaints in an expeditious manner. Va. Code § 59.1-207.10. Where the consumer has complied with all the procedural requirements of the Act by giving proper notice, the consumer has done all that is necessary to give rise to the manufacturer's duties under the Act. While the statute does not explicitly make relief dependent upon the return of the vehicle, even were the Act read to implicitly require return as a condition of remedy, the Act does not require numberless, repeated attempts to return the vehicle in the face of the manufacturer's refusal to accept return or to make arrangements for return.

Indeed, the Act mandates the converse and directs that the manufacturer replace the vehicle at the refund purchase price, when "[t]he same nonconformity has been subject to repair three or more times . . . and the nonconformity continues to exist." § 59.1-207.13(A)(1), (2), (B)(1). The manufacturer's failure to repair the defect under these circumstances, raises a presumption the vehicle in question is a "lemon," shifting to the manufacturer the duty to act. Treating this statutory provision as part of the parties' sales contract by implication, *Maxey v. American Cas. Co.*, 180 Va. 285 (1942), and applying principles of contract analysis to the issue, 3B Michie's Jurisprudence, *Commercial Law*, § 13; *Harris v. Hampton Roads Tractor & Equipment Co.*, 202 Va. 958 (1961), the manufacturer, having prevented performance by the consumer, cannot now take advantage of its own failure to adhere to the requirements imposed by law to absolve itself from potential liability. *Parrish v. Wightman*, 184 Va. 86 (1945). *See Harmon v. Concord Volkswagen, Inc.*, 1001 WL 53451 (Del. Sup. 1991) (Having breached its duty under the statute, the manufacturer "should not be permitted to assert the failure of the purchaser to return the car as a bar to the purchaser's suit for the benefits provided by the "Lemon Law.")

For the reasons stated above, the Ford Motor Company's Motion for Partial Summary Judgment is denied.