# CIRCUIT COURT OF THE CITY OF ROANOKE

David A. Niday
and Sharon Niday

v.

Mitsubishi Motor Sales
of America, Inc.

June 11, 1997

Case No. CL96-761

BY JUDGE JONATHAN M. APGAR

The Court has reviewed the file, considered the submissions produced by both parties, and heard the argument of counsel. The Court now overrules the Motion for Summary Judgment on both grounds put forth by the Defendant.

The Court will first speak as to the sale of the automobile by the Plaintiffs about the time the suit was filed. I agree with Judge Annunziata that the Motor Vehicle Warranty Enforcement Act (the Act) does not require the possession and return of the vehicle as a condition precedent to a recovery. Because the Act is remedial, the Act should be read broadly to effectuate the legislative intent. *Cook v. Ford Motor Co.*, 24 Va. Cir. 377 (1991). The Act says in § 59.1-207.14, "Any consumer who suffers *loss* by reason of a violation of any provision of this chapter may bring a civil action to enforce such provision." [Emphasis added.] It would appear that loss includes collateral charges, incidental damages, mileage expenses, reasonable loss of use necessitated by attempts to conform the motor vehicle (§ 59.1-207.13), as well as attorney's fees, expert witness fees, and court costs (§ 59.1-207.14). Therefore, as the Plaintiffs have alleged a loss and as the statute allows damages separate and apart from replacement or refund, summary judgment will not lie as to this issue.

As to the question of spoliation, the Court also denies the requested summary judgment as being premature. The facts of the case include documentation that the Defendant, through its agents, examined the car in question on at least two (if not more) occasions. Additionally, there is no evidence that the vehicle is currently unavailable for examination and inspection through its current owner. In the face of prior access to the automobile and with no evidence that a current examination is impossible, the issue of spoliation is insufficiently developed as would allow the granting of summary judgment.

I would ask Mr. Slominski to prepare an order denying the requested summary judgment for the reasons stated above.