## CIRCUIT COURT OF THE CITY OF RICHMOND

Robert F. Pettis, Jr.

v.

Michael D. Spencer

July 18, 1991

Case No. LM-3021-4

By JUDGE RANDALL G. JOHNSON

This case arises out of an automobile accident which occurred on March 27, 1988, in Richmond. The motion for judgment was filed on September 16, 1988, and was served on defendant through the Commissioner of the Division of Motor Vehicles on September 20 of that year. No responsive pleadings were filed by defendant, and on November 1, 1990, plaintiff was awarded a default judgment, the default judgment order providing that the case be "set down for a hearing with a jury on the question of the amount of damages." A trial to determine damages was later set for February 27, 1991, but was continued because of the hospitalization of plaintiff's lawyer. It was reset to be tried on June 13, 1991.

On May 3, 1991, prior to the trial on damages, plaintiff caused a copy of the original motion for judgment to be served on The Travelers Insurance Company as uninsured carrier under a policy of insurance issued to plaintiff's aunt, plaintiff claiming that as a member of his aunt's household, he is entitled to uninsured motorist protection under her policy. Travelers filed a grounds of defense in which it denied the allegations of the motion for judgment, and in which it denied any liability at all because

it was not served with process prior to the entry of a default judgment. Travelers also moved to quash service of process on the ground that a default judgment had already been entered. In response, plaintiff moved to set aside the default judgment, and to allow Travelers to participate in the case to the extent allowed under Va. Code Section 38.2-2206(F). The court continued the damages trial and took the parties' motions under advisement to allow the filing of memoranda. While plaintiff's memorandum has been filed, the deadline for Traveler's memorandum has passed with none being submitted. The court, then, will rule on the motions based on the record and arguments already made.

Virginia Code § 38.2-2206(F) requires a plaintiff who intends to rely on the uninsured coverage provision of a policy to "serve a copy of the process upon [the] insurer in the manner prescribed by law, as though the insurer were a party defendant." The insurer "shall then have the right to file pleadings and take other action allowable by law in the name of the owner or operator of the uninsured or underinsured motor vehicle or in its own name." *Id.* Unless the uninsured coverage carrier is served with process, plaintiff cannot recover from the carrier, regardless of his or her success against the tortfeasor. *Creteau v. Phoenix Assurance Co.*, 202 Va. 641, 119 S.E.2d 336 (1961); *State Farm Mutual Automobile Insurance Co. v. Duncan*, 203 Va. 440, 125 S.E.2d 154 (1962).

Here, no service was made or attempted on the uninsured motorist carrier prior to the entry of judgment by default against the defendant. If that default judgment is a final order, plaintiff is precluded from seeking any payment from Travelers. The court concludes, however, that the default judgment is not a final order, and that plaintiff's motion to set it aside should be granted.

Rule 1:1 of the Rules of the Supreme Court of Virginia provides that "[a]ll final judgments, orders, and decrees . . . shall remain under the control of the court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." A judgment, order, or decree is *not* final, however, unless it "disposes of the *whole* subject, gives *all* the relief contemplated, provides with reasonable completeness for giving effect

to the sentence, and leaves *nothing* to be done in the cause save to superintend ministerially the execution of the order." *Daniels v. Truck Corporation,* 205 Va. 579, 585, 139 S.E.2d 31 (1964) (*quoting* 4 Minor's Institutes 860) (emphasis added). *See also, Marchant & Taylor v. Mathews Co.,* 139 Va. 723, 734, 124 S.E. 420 (1924).

Here, the only thing accomplished by the default judgment order was the placement of liability on the defendant. No relief was awarded, and no relief will be awarded until a jury is impaneled to try the issue of damages. Thus, the *"whole* subject" has not been disposed of, *"all* the relief contemplated" has not been given, and much more needs to be done aside from "superintend[ing] ministerially the execution of the order." In short, the order is not final.

Since the default judgment order entered November 1, 1990, is not final, the court still has discretion to modify it, vacate it, or suspend it. In deciding to exercise that discretion to set aside the default judgment, several factors have been considered. First, it is the plaintiff, in whose favor judgment was entered, who asks that the judgment be set aside. Second, the defendant has not appeared to contest plaintiff's motion. Third, plaintiff will be prejudiced if the default judgment is not set aside since he will be unable to collect any judgment from Travelers. And fourth, Travelers will be in no worse position if the default judgment is set aside than it would have been had it been served prior to defendant's default having occurred. The court concludes that these factors constitute good cause for setting aside the default judgment, and it will now be set aside.