Michael HILL, Plaintiff,

v.

Dennis BARBOUR and Michael Sheahan, Defendants.

No. 91 C 1086.

United States District Court, N.D. Illinois, E.D.

April 10, 1992.

Arthur E. Engelland, Arthur E. Engelland & Associates, Timothy J. Touhy, Timothy J. Touhy & Associates, Chicago, Ill., for plaintiff.

Terry L. McDonald, Randolph Mitchell Johnston, Cook County State's Attorney's Office, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court are plaintiff Michael Hill's ("Hill") objections to Magistrate Judge Bucklo's Report and Recommendation ("Report") regarding defendant Dennis Barbour's ("Barbour") motion for summary judgment and defendant Michael Sheahan's [1] ("Sheahan") motion to dismiss. Hill brought this action under 42 U.S.C. § 1983 ("§ 1983") against Barbour, a Cook County Deputy Sheriff, and Sheahan, Sheriff of Cook County. Hill's complaint alleges a deprivation of Hill's civil rights under color of state law as a result of Barbour's use of excessive force on February 21, 1989 ("Count One"). Hill's complaint also alleges that this conduct was a result of Sheahan's policy which allowed deputy sheriffs to remain armed while off duty, as well as improper training by Sheahan in the use of deadly force, and inadequate supervision by Sheahan of his deputies ("Count Two"). In addition, Hill's complaint alleges a pendent state law battery claim ("Count Three").[2]

Sheahan moved to dismiss Hill's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and Barbour moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. The court referred the motions to Magistrate Judge Bucklo who recommended that both motions be granted and that, in the absence of any remaining federal claim, the state-law claim be dismissed. Hill has made three objections to the Magistrate Judge's recommendation that Barbour's motion for summary judgment be granted. Hill has not objected to the Magistrate Judge's recommendation that Sheahan's motion to dismiss be granted. For the reasons set forth below the court adopts in full the Magistrate Judge's Report. Accordingly, Barbour's motion for summary judgment and Sheahan's motion to dismiss are granted.

## I. FACTS

Barbour is a Cook County Deputy Sheriff assigned as a bailiff to a juvenile court. At the time of the incident resulting in this lawsuit, Barbour was not engaged in general law enforcement. On the evening of February 21, 1989, Barbour's wife informed him that she heard a noise near the garage. Wearing his pajamas, Barbour went to investigate. Barbour was not carrying his service revolver but was in-

---

1. Hill filed his original complaint against James O'Grady, former Sheriff of Cook County. O'Grady contends that he should be dismissed from this suit, pursuant to Federal Rule of Civil Procedure 25(d)(1), which allows automatic substitution of successor officials in official capacity suits "[w]hen a public officer is a party to an action in an official capacity and during its pendency ... resigns, or otherwise ceases to hold office...." The problem with O'Grady's contention is that at the time Hill's suit was commenced, O'Grady was no longer Sheriff of Cook County. *See* Report, at 12 n. 18. Since we agree with the Magistrate Judge's recommendation that Hill's suit was against O'Grady in his official capacity, we move *sua sponte* to amend the pleadings to conform with the issues presented in Hill's complaint. Fed.R.Civ.P.

15(b). When judgment is entered in this case, the clerk is instructed to substitute as a party defendant Michael Sheahan, current Sheriff of Cook County, for James O'Grady, former Sheriff of Cook County.

2. Because we are entering judgment on Count One in favor of defendant Dennis Barbour and are dismissing Count Two against defendant Michael Sheahan, the court lacks jurisdiction over Count Three, Hill's state-law battery claim. We decline to exercise our supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Hill will not be prejudiced by this since under 28 U.S.C. § 1367(d), the statute of limitations on his battery claim is tolled for 30 days after his federal claims are dismissed.

stead carrying a rifle he had acquired from his deceased father. As Barbour walked to the garage, he heard noises. Barbour shouted "Sheriff's Office" and Hill ran from the garage. Barbour shouted to Hill to stop. Hill paused and turned toward Barbour. Barbour saw a glint of light at Hill's waist which he thought was a weapon. Barbour fired one shot which struck Hill. Hill was carrying a silver and black shop light and was not armed.

## II. DISCUSSION

### A. *Standard of Review*

Pursuant to Federal Rule Civil Procedure 72, this court must conduct a *de novo* review of the portions of the Magistrate Judge's Report to which there are objections. A party is entitled to summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact. FED.R.CIV.P. 56(c). The court must draw all inferences in favor of the nonmoving party. The moving party bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *New Burnham Prairie Homes, Inc. v. Burnham*, 910 F.2d 1474, 1477 (7th Cir. 1990). If the moving party meets this burden, the nonmoving party must show the existence of specific facts which provide a basis for a jury to return a verdict in his favor. *New Burnham Prairie Homes*, 910 F.2d at 1477. If not, summary judgment in favor of the moving party is appropriate.[3]

### B. *Hill's Objections*

Hill's initial objection relates to a procedural aspect of this case. Hill states that Barbour may not move for summary judg-

ment because Barbour's attorney has not filed an appearance in this case. Hill contends that a default judgment was entered against Barbour and unless the judgment is properly vacated and an appearance filed on behalf of the defendant the court can not properly consider Barbour's motion for summary judgment.

Hill's objection can be dealt with quickly. On May 14, 1991, the court granted Hill's motion for an entry of default[4] as to Barbour. On June 13, 1991, *sua sponte*, the court vacated the order of default against Barbour. There was no need for Barbour's attorney to refile his appearance on behalf of Barbour, as the court's vacating of the entry of default removed any disability on Barbour to proceed in the case. Accordingly, the court overrules Hill's objection regarding the propriety of the court's consideration of Barbour's motion for summary judgment.

Hill's other two objections to the Magistrate Judge's Report address the issue of whether Barbour acted under color of law. In both objections, Hill states that the Magistrate Judge erroneously concluded that under no circumstances could a trier of fact find that Barbour acted under color of state law. Hill contends that it is sufficient that Barbour identified himself as "Sheriff's Office" to conclude that Barbour acted under color of law. Hill compares Barbour's actions to that of an off-duty police officer who claims to exercise official authority by displaying a badge, carrying a service revolver, or identifying himself as a law enforcement official.

Section 1983 affords a plaintiff the right to bring a civil action for the deprivation of constitutional rights under color of law. A defendant in a § 1983 suit acts under color of law when he abuses the

---

3. Since Hill has not objected to the Magistrate Judge's recommendation that Sheahan's motion to dismiss be granted, we need not discuss the standard of review for a motion to dismiss.

4. Hill mistakes the entry of *default* under Federal Rule of Civil Procedure 55(a) with a *default judgment* entered pursuant to part (b) of the same rule. Under Rule 55(a), the clerk is to enter the default of a party against whom a

judgment is sought when that party has failed to plead or otherwise defend. FED.R.CIV.P. 55(a). This entry is recognition of the fact that a party is in default for a failure to comply with the rules. 6 JEREMY C. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 55.03 (2d ed. 1985). The entry of default under Rule 55(a) is an interlocutory step taken in anticipation of a final default judgment under Rule 55(b). An entry of default was made as to Barbour, not a default judgment.

position given to him by the State. *West v. Atkins*, 487 U.S. 42, 50, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988). As a general rule, a government employee who acts in his official capacity or exercises his responsibilities pursuant to state law acts under color of state law. *West*, 487 U.S. at 50, 108 S.Ct. at 2255. A police officer's acts are not under color of law unless they are related to the performance of police duties. *Gibson v. Chicago*, 910 F.2d 1510, 1516–19 (7th Cir.1990). Therefore, a defendant's status as an officer does not transform all of his actions into acts under color of law. *Gibson*, 910 F.2d at 1516. Similarly, whether a defendant was on or off duty does not resolve the question of whether he acted under color of law. *Gibson*, 910 F.2d at 1517. The essential inquiry is whether the defendant's actions related in some way to the performance of a police duty. *Gibson*, 910 F.2d at 1517.

■ Applying the principle set forth in *Gibson*, the Magistrate Judge found no evidence that Barbour was performing a police duty when he shot Hill. Report, at 5–7. Barbour was responding to his wife's concern about noise on their property on the night when he encountered Hill running from the garage. Barbour wore his pajamas not his uniform. Barbour's rifle was personal property; he was not carrying his service revolver. The Magistrate Judge reasoned that Barbour's actions did not relate in any way to his official duties as a courtroom bailiff. The Magistrate Judge concluded that Barbour's acts were those of a private individual.

The Magistrate Judge found the only suggestion of state authority to be Barbour's words "Sheriff's Office." Hill argues that this alone is sufficient to find that Barbour acted under color of law. Plaintiff's Objections to Magistrate's Report, at ¶ 2. Hill's cites several cases in support of his argument. These cases are distinguishable from the instant facts. In *Davis v. Murphy*, 559 F.2d 1098 (7th Cir.1977), the defendants, two off-duty Milwaukee police officers and an off-duty Milwaukee fireman, all of whom were white, assaulted several persons, all of whom were black, at 2:00 A.M. on a city street in the City of Milwaukee. The defendants were off-duty and not in uniform. When the defendants approached the plaintiffs, however, they identified themselves as policemen, showed their police badges and displayed firearms. The Seventh Circuit Court of Appeals stated that this combination of factors led to the conclusion that the officers acted under color of law. *Davis*, 559 F.2d at 1101. The Seventh Circuit also found relevant a Milwaukee City regulation that its police officers were "always subject to duty." *Davis*, 559 F.2d at 1101. Two facts distinguish *Davis* from the facts of this case. First, and most significantly, the Milwaukee police officers in *Davis* displayed their police badges. A policeman's badge is the principal means of identifying himself as an official of the government. The next most visible means of identifying himself as a police officer is his uniform. There is no question that in Barbour's case, he was wearing pajamas and did not display a badge. Second, the police officers in *Davis* were technically on-duty when they assaulted the plaintiffs in that case. There is no allegation that Barbour was on-duty when he approached Hill. Hill argues that by announcing "Sheriff's Office", Barbour, in effect became an on-duty officer making his subsequent actions under color of state law. The "mere assertion that one is a state officer does not necessarily mean that one acts under color of state law." *Gibson*, 910 F.2d at 1516. In *Gibson*, the defendant police officer announced himself as a police officer, placed the plaintiff [5] under arrest, and then shot the plaintiff. The Seventh Circuit held that since the police officer had been suspended and had no actual authority to act as a police officer, his actions could not be considered to be under color of state law. The police officer's assertion of authority was not enough to make his unauthorized actions under color of law. Here, Barbour's an-

---

**5.** The plaintiff in *Gibson* was the special administrator of the estate of the Eugene Gibson. Gibson was killed by Officer Arthur Novit, a suspended City of Chicago police officer. For the sake of brevity, we will refer to Gibson as the plaintiff.

nouncement of "Sheriff's Office", his lone indication of his status as a government official, is insufficient to make his actions under color of state law. Barbour was out of uniform, off-duty, carrying a personally owned weapon, while protecting his own property. "His actions, like those of the police officers in *Gibson,* were purely those of a private individual." Report, at 6–7.

Hill's citation to *Greco v. Guss,* 775 F.2d 161 (7th Cir.1985) and *Stengel v. Belcher,* 522 F.2d 438 (6th Cir.1975) are also unpersuasive. *Greco* involved an alleged unconstitutional taking under the Illinois Distress for Rent Act, Ill.Rev.Stat. ch. 110, para. 9–301, et seq. The deputy sheriff who served the landlord's distress warrant on Greco, the tenant, approached Greco, identified himself as a police officer, and then served the distress warrant on Greco. *Greco,* 775 F.2d at 168. It was disputed whether the deputy sheriff was on-duty. But because the court was required to view the evidence in a light most favorable to Greco, "the deputy sheriff was on-duty and took an active role in the seizure[,]" and thus was acting under color of state law. *Greco,* 775 F.2d at 169. In the instant case, Barbour was clearly off-duty when he acted to protect his house. Moreover, unlike the deputy in *Greco,* Barbour was not engaged in an activity related to his status as a police officer. Barbour was acting as an ordinary citizen and was merely protecting his property and life.

*Stengel v. Belcher* is equally distinguishable. In *Stengel,* a police officer, who was out of uniform and off-duty, shot and killed two young men and paralyzed a third when the police officer intervened in an altercation in a bar. At the time, the police officer was carrying his service revolver and a can of chemical mace issued by the police department. The police officer never identified himself to the parties of the fight. *Stengel,* 522 F.2d at 440–41. Testimony at trial indicated that the police officer would

have been subject to discipline if he had not taken action. *Stengel,* 522 F.2d at 441. The police department inquiry board specifically found the police officer's actions to be within the line of duty. *Stengel,* 522 F.2d at 441. A jury returned a verdict in favor of the plaintiffs finding that the police officer had acted under color of state law. In the instant case, Barbour was on his own property and was using his own weapon when he confronted Hill. Barbour was acting in his individual capacity as a citizen and property owner when he shot Hill. Barbour's announcement of "Sheriff's Office" cannot convert his action into what it is not: an act authorized and required by the Cook County Sheriff's Department.

In light of this authority, we agree with the Magistrate Judge. Drawing all inferences in favor of Hill, Barbour's announcement of "Sheriff's Office" is insufficient to transform his actions into acts under color of state law. Accordingly, the court overrules Hill's objections to the Magistrate Judge's finding that Barbour did not act under color of law.

## III. CONCLUSION

Having reviewed Hill's objections and found them deficient, we overrule Hill's objections to the Magistrate Judge's Report and Recommendation. We have reviewed the portion of the Magistrate Judge's Report to which Hill has not objected and found no error.[6] For the reasons set forth in this opinion, the Magistrate Judge's Report is adopted in full. Barbour's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 is GRANTED. Accordingly, judgment is entered on Count One in favor of Dennis Barbour and against Michael Hill. Sheahan's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED. Accordingly, Count Two of Hill's complaint is DISMISSED. We de-

---

**6.** We note that the Supreme Court's decision in *Hafer v. Melo,* —— U.S. ——, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), does not affect the Magistrate Judge's reasoning regarding Hill's suit against Sheahan in his official capacity. *Hafer* was decided one month after the Magistrate Judge's well-reasoned Report. *Hafer* held that state officials, sued in their individual capacities, are "persons" within the meaning of § 1983. *Hafer,* 112 S.Ct. at 365. Sheahan is sued in his official capacity.

cline to exert supplemental jurisdiction over Hill's state-law battery claim. Accordingly, Count Three, Hill's state-law battery claim, is DISMISSED WITHOUT PREJUDICE.