# Erie Insurance Exchange

## v.

# Steven Shapiro

Record No. 931803

November 4, 1994

Present: Carrico, C.J., Compton, Stephenson, Whiting, Lacy, and Keenan, JJ., and Poff, Senior Justice

*Dana L. Scott, Jr. (Anthony E. Grimaldi; Doherty, Sheridan & Grimaldi*, on briefs), for appellant.
*Douglas R. Stevens* for appellee.

SENIOR JUSTICE POFF delivered the opinion of the Court.

We awarded an appeal to the plaintiff in a declaratory judgment action to consider whether the trial court erred in declaring that an exclusionary clause in an automobile insurance policy issued by the plaintiff was inapplicable.

The trial court based its ruling on facts stipulated at trial. Steven Shapiro was injured in an automobile accident in Arlington County on April 9, 1988. Alleging joint and several liability for negligence, Shapiro filed a motion for judgment against Richard Kalb, the driver of a car that collided with the car he was driving, and John Doe, an unidentified driver of another vehicle. Erie Insurance Exchange (Erie) had issued Shapiro an automobile liability insurance policy providing a maximum of $20,000 uninsured-underinsured motorist coverage. On behalf of John Doe,

Erie filed an answer to Shapiro's motion for judgment and a cross-claim against Kalb.

Kalb was insured by Government Employees Insurance Company (GEICO) in an automobile insurance policy with a liability limit of $300,000. Acting without Erie's consent, Shapiro and GEICO reached a settlement of the claim against Kalb for the sum of $15,000, and Shapiro executed a release under Virginia Code § 8.01-35.1. Shapiro reserved his tort claim against John Doe.

Erie filed a motion for declaratory judgment against Shapiro, asking the court to "declare that Erie is not obligated to pay any judgment that may be rendered against John Doe" in the pending tort action.

Under the subheading "Limitations on Our Duty to Pay," the uninsured-underinsured coverage endorsement of the Erie policy contained the following language:

This insurance does not apply to:

(1) damages sustained by anyone we protect if he, she or a legal representative settled with anyone who may be liable for the damages, without our written consent.

At trial, Erie contended that this exclusionary clause, commonly known as a "consent to settlement clause," was actuated by the Shapiro-Kalb settlement. The trial court ruled that the clause applied only to a settlement made by an injured insured with an uninsured tort-feasor and that, absent a Shapiro-John Doe settlement, the exclusionary clause was inapplicable. Applying the $15,000 Shapiro-Kalb settlement as a credit against Erie's $20,000 John Doe coverage, the court held that Erie's maximum liability exposure in Shapiro's pending tort action against John Doe would be $5,000. We awarded Erie an appeal.

The Erie insurance contract was executed in Maryland. "It is a general rule that every contract as to its validity, nature, interpretation and effect . . . is governed by the law of the place where it is made, unless it is to be performed in another place . . . ." *The Freeman's Bank* v. *Ruckman*, 57 Va. (16 Gratt.) 126, 127 (1860). Insofar as the decisions of Maryland courts apply under the facts in this case, the law of Maryland controls our construction of that contract. Both parties cite the decision of the Court of Appeals of Maryland in *Nationwide Mut. Ins. Co.* v. *Webb*, 436 A.2d 465 (Md. 1981). There, the court said:

[T]he insurer can easily protect itself from being bound by . . . settlement [made by an injured insured with an uninsured motorist]. The standard uninsured motorist endorsement . . . requires the insurer's consent to any settlement with the uninsured motorist. Unlike "consent to sue" clauses, "consent to settle" clauses are generally upheld, at least to the extent that settlements . . . between insureds and the uninsured motorists are not binding upon insurers unless the insurers have given their consent.

*Id.* at 476 (citations omitted). In a footnote keyed to that statement, the court commented:

Most of those cases which have refused to enforce "consent to settle" clauses have done so in the context of settlements with a party other than the uninsured motorist.

*Id.*, n.10 (citations omitted).

In defense of the trial court's ruling, Shapiro construes the language in *Webb* as a holding that a consent to settlement clause in an uninsured-underinsured endorsement is unenforceable in Maryland with respect to "settlements with a party other than the uninsured motorist." For two reasons, we cannot accept that construction. First, the validity of a consent to settlement clause was not in issue in *Webb*; the issue, one resolved against the John Doe insurer, was the validity of "a 'consent to sue' clause in an uninsured motorist endorsement." *Id.* at 468.

Second, the issue in *Webb* did not involve a settlement between an injured insured and "a party other than an uninsured motorist." None of the cases cited in the *Webb* footnote is a Maryland case, and we regard the language Shapiro construes as a "holding" as *obiter dictum*.

Moreover, in a recent opinion, the Maryland court expressly reaffirmed *Webb*'s recognition of the right of an insurer providing John Doe coverage to protect itself by inserting "a 'consent to settle' clause in its policy". *Waters* v. *USF&G*, 616 A.2d 884, 892 (Md. 1992). Manifestly, the exclusionary clause Erie inserted in its policy is designed to protect itself from such liability.

Under the facts and circumstances in this case, construed against the background of the Maryland Insurance Code, the only liability to which Erie is potentially exposed is a duty to pay its own injured insured any damages that might be owed by an unin-

sured or underinsured tort-feasor. If a second tort-feasor is potentially liable for the damages sustained and the quantum of those damages is equal to or in excess of Erie's John Doe coverage, Erie would not be liable if the joint tort-feasor has liability insurance with coverage equal to or in excess of Erie's coverage. *Fireman's Fund Ins.* v. *Bragg*, 548 A.2d 151, 154 (Md. App. 1988). Section 541(c)(3) of Art. 48A of the Maryland Insurance Code limits the liability of an insurer providing uninsured motorist coverage to the amount of that coverage, less the sum of the limits under the liability insurance policies applicable to the bodily injury or death of the insured.

On the other hand, under the *Bragg* court's construction of the Maryland statutes, if the quantum of damages sustained by Erie's injured insured was greater than Erie's John Doe coverage and Erie's insured agreed to settle with an insured joint tort-feasor, Erie would be liable to the extent the quantum of that settlement was less than Erie's John Doe coverage. *Id.* at 153. In such case, the only way Erie could protect itself was by inserting a consent to settlement exclusionary clause in its uninsured-underinsured endorsement. The parties to the policy contract have provided Erie with that protection.

■ In explicit language, the clause inserted in the Erie endorsement is addressed not only to a settlement reached without Erie's consent by its insured and an uninsured tort-feasor, but also to such a settlement reached with "anyone who may be liable for the damages" sustained by Erie's injured insured. That language can only be read to include an insured joint tort-feasor.

■ Applying the principles articulated in *Webb* and in *Bragg*, we hold that the trial court erred in ruling that the consent to settlement clause in Erie's uninsured-underinsured endorsement did not extend to the Shapiro-Kalb settlement. We will reverse the judgment and enter final judgment for Erie, declaring that Erie is not obligated to pay any judgment rendered against John Doe in the pending tort action.*

*Reversed and final judgment.*

---

* For a Virginia decision on this subject, see *Virginia Farm Bureau* v. *Gibson*, 236 Va. 433, 374 S.E.2d 58 (1988).