## CIRCUIT COURT OF SCOTT COUNTY

Linda Joyce Thompson

v.

Virginia Farm Bureau
Mutual Ins. Co.
and State Farm
Mutual Auto. Ins. Co.

September 14, 1999

Case No. CH97-121

BY JUDGE FORD C. QUILLEN

This action for declaratory relief results from an accident which occurred on November 24, 1994, in Scott County, Virginia. The complainant, Linda Joyce Thompson, a Tennessee resident, filed a federal court complaint on November 5, 1996, against the defendant, Jerry Lynn Stallard, a Virginia resident. Stallard was insured by Virginia Farm Bureau with a policy limit of $25,000, and after being served, Virginia Farm Bureau failed to file an answer to the complaint. The complainant obtained a clerk's default judgment against the defendant Stallard on January 14, 1997. On February 21, 1997, State Farm, the uninsured/underinsured carrier for the complainant, was served process by the plaintiff, but failed to file an answer. On May 23, 1997, on the issue of damages, a jury granted a verdict in the amount of $75,000. At this time, both State Farm, the uninsured/underinsured motorist carrier, and Virginia Farm Bureau have refused to pay any of the $75,000 verdict. State

Farm had a policy of $100,000, and Virginia Farm Bureau had a policy of $25,000. Virginia Farm Bureau has not actively participated in this default judgment proceeding.

It is shown from stipulated facts that Mr. Thompson (State Farm's insured) had reported the accident to his State Farm Insurance agent on the Monday following the accident. He further stated that he and his wife had been injured and the other driver, the defendant Stallard, was charged with "failure to yield" at the accident. Several days later, the State Farm adjuster contacted Mr. Thompson about the damages to his vehicle and discussed the facts of the accident.

On November 5, 1996, when Thompson filed her suit in federal court, she failed to send a copy of the suit papers to her insurance company, State Farm, as required by her policy. The defendant Stallard (insured by Virginia Farm Bureau) failed to answer within twenty days (placing him in default), and the complainant (Mrs. Thompson) moved for a Clerk's Default Judgment on January 14, 1997.

More than one month after obtaining the Clerk's default judgment, the complainant then served State Farm on February 21, 1997, as uninsured/underinsured insurance carrier. State Farm also refused to file an answer. The only evidence in the record as to why State Farm refused to participate in the lawsuit is a letter dated March 7, 1997, filed as Appendix J, from a State Farm claim specialist to Virginia Farm Bureau, which states that "it appears that the bodily injury claim of Linda Joyce Thompson should settle within your bodily injury liability limits. However, in the event there does develop a coverage question or the value of Ms. Thompson's claim does exceed your policy limits, please contact me immediately." This letter from State Farm was written after the time had expired for State Farm to file an answer in the action but prior to the entry of the jury's damage award on May 23, 1997.

State Farm has filed a motion for summary judgment alleging several issues; however, the Court is of the opinion that the facts of the case limit its decision to the following two issues:

(1) Did the complainant fail to comply with the insurance policy requirement that she send the suit papers "at once" to State Farm?

(2) Did State Farm waive any claim for prejudice by its refusal to participate in the action in federal court?

*Choice of Law*

The State Farm insurance policy in question was issued in Tennessee. "Generally, the law of the place where an insurance contact is written and delivered controls issues as to its coverage." *Buchanan v. Doe*, 246 Va. 67, 70, 431 S.E.2d 289 (1993) (citing *Lackey v. Virginia Sur. Co.*, 209 Va. 713, 715, 167 S.E.2d 131 (1969)). As to a contract's validity, nature, interpretation, and effect, the law of the place where it was executed controls. See *Erie Ins. Exch. v. Shapiro*, 248 Va. 638, 640, 450 S.E.2d 144 (1994) (citing *Freeman's Bank v. Ruckman*, 57 Va. (16 Gratt.) 126, 127 (1860)).

Since plaintiff is challenging the validity of this contract provision, the law of the place of contracting, Tennessee, governs. See *Erie Ins. Exch.*, 248 Va. at 640 (determining validity of "consent to settle" clause under Maryland law since contract executed in Maryland). The interpretation and effect of the contract clause requiring plaintiff to forward the suit papers "at once" to State Farm is governed by Tennessee law. The second question as to the effect of State Farm's refusal to participate in the federal court action in the Western District of Virginia is governed by Virginia law.

*Forwarding Suit Papers "At Once"*

State Farm contends plaintiff violated a policy provision by not forwarding the suit papers against the tortfeasor "at once" to State Farm. Plaintiff argues Virginia law only requires a plaintiff to forward the papers within a reasonable time considering all the circumstances. As previously stated, however, Tennessee law applies to the interpretation of the provision. This type of condition to coverage is valid under Tennessee law and, if violated, will be controlled by the most recent case in the Tennessee Supreme Court, *Alcazar v. Hayes*, 982 S.W.2d 845 (1998). The Court is of the opinion that this case overrules the 1997 case of *Kelley v. Vance*, 959 S.W.2d 169 (1997). Even though *Alcazar* involved notice of an accident, in this Court's opinion, this decision of the Tennessee Supreme Court is to apply to all automobile insurance notice requirements. The principles laid down in this case create a rebuttable presumption of prejudice if it is determined that the insured has failed to provide timely notice. In its conclusion, the Tennessee Supreme Court stated "the appropriate inquiry is: (1) Did the insured provide timely notice in accordance with the contract? (2) Did the insured carry its burden of showing that it acted in good faith? (3) If so, did the insured carry its burden of proving that the insurer was not prejudiced by the delay?"

The Court believes that there is sufficient evidence of a factual dispute to require a hearing on the issue of prejudice because of the failure of the complainant to send suit papers to State Farm. The Court seeks counsel's opinion as to whether they desire to have a jury or the Court to determine this issue using the standards as enunciated in the *Alcazar* case.

## Service of Process on State Farm

State Farm argues that the service of process required by Virginia Code § 38.2-2206(F) was made after the Clerk's default judgment and therefore State Farm cannot be held liable for the later jury verdict entered in federal court. The carrier alleges that by waiting until after the Clerk's default was entered in federal court, plaintiff prejudiced State Farm's right to appear in and defend the underlying tort action. Virginia Code § 38.2-2206(F) states:

> If any action is instituted against the owner or operator of an uninsured or underinsured motor vehicle by any insured intending to rely on the uninsured or underinsured coverage provision or endorsement of this policy under which the insured is making a claim, then the insured shall serve a copy of the process upon this insurer in the manner prescribed by law, as though the insurer were a party defendant. The provisions of § 8.01-288 shall not be applicable to the service of process required in this subsection. The insurer shall then have the right to file pleadings and take other action allowable by law in the name of the owner or operator of the uninsured or underinsured motor vehicle or in its own name.

"The language employed [in this section] is mandatory and established a condition precedent to the benefits of the statute unless waived by the insurance company." *Midwest Mut. Ins. Co. v. Aetna Cas. and Sur. Co.*, 216 Va. 926, 929-30, 223 S.E.2d 901 (1976) (quoting *Creteau v. Phoenix Assurance Co.*, 202 Va. 641, 643-44, 119 S.E.2d 336 (1961)); see also *Roenke v. Virginia Farm Bureau Mut. Ins. Co.*, 209 Va. 128, 130-32, 161 S.E.2d 704 (1968); *State Farm Mut. Auto. Ins. Co. v. Duncan*, 203 Va. 440, 444, 125 S.E.2d 154 (1962). A copy of the process from the underlying tort action against the uninsured/underinsured motorist must be served on the insurance carrier before it may be held liable under the uninsured motorist act and policy provisions. See *Midwest Mutual*, 216 Va. at 929. The Supreme Court of Virginia found in *Glens Falls Ins. Co. v. Stephenson*, 235 Va. 420, 367 S.E.2d 722 (1988), that the phrase "in the manner prescribed by law"

related only to the manner of service of process and that it did not create any limitation of time for such service. The court rejected the uninsured motorist carrier's argument that service on it must have been made within the statute of limitations for the underlying tort suit. The court has never stated when service must occur on the uninsured motorist carrier.

*Purpose of Underinsured/Uninsured Coverage*

The Virginia courts have experienced difficulty in defining the rights of the insured and his or her own insurance company involving underinsured and uninsured motorist coverage.

First, it must be realized that this is insurance coverage purchased by the insurance company's own insured for the sole purpose of protecting the insured and his or her family in the event they are involved in an automobile accident where the other party has no insurance or less insurance than the insured does. Because of the insured's rights, the Virginia courts have announced the following policy statements. "The uninsured motorist legislation is remedial in nature and is to be liberally construed so that the purpose intended may be accomplished." *State Farm Mut. Auto. Ins. Co. v. Brower*, 204 Va. 887, 134 S.E.2d 277 (1964). "The Uninsured Motorist law is primarily concerned with providing adequate compensation for injured insureds when other sources are lacking." *Hobbs v. Buckeye Union Cas. Co.*, 212 F. Supp. 349 (W.D. Va. 1962).

The conflict between the underinsured/uninsured motorist carrier and insured is caused by the insurance carrier's duty to adequately compensate its insured and its right to contradict the insured's claim by appearing in court with its own attorney and assert a defense to the insured's claim.

The Virginia courts have dealt with this contradictory format in its most recent cases. See *State Farm Mut. Auto. Ins. Co. v. Beng*, 249 Va. 165, 171, 455 S.E.2d 2 (1995) (holding underinsured motorist carrier had right under § 38.2-2206(F) to defend tort case even though underinsured tortfeasor proffered a confession of judgment exceeding her liability coverage). The Court has interpreted § 38.2-2206(F) to require that the insurer be allowed to assert its defenses against the plaintiff's claim without regard to the course of action chosen by the defendant. *State Farm Mut. Auto. Ins. Co. v. Beng*, 249 Va. 165, 455 S.E.2d 2 (1995). This principle of independent action is so strong that the Court has held an insurance company retains the right to defend against the plaintiff's claims even in instances where the defendant has admitted liability for the plaintiff's injuries or has proffered a confession of judgment.

See also *State Farm Mut. Auto. Ins. Co. v. Cuffee*, 248 Va. 11, 14, 444 S.E.2d 720 (1994) (holding uninsured motorist carrier had right under § 38.2-2206(F) to defend tort case even though uninsured tortfeasor admitted liability). In *Cuffee*, the Virginia Supreme Court held that "both the uninsured motorist and the insurer may . . . employ counsel, file pleadings, participate in discovery, make and argue motions, examine and cross-examine witnesses, engage in argument at trial, admit liability, or pursue appeals. And each is entitled to control his or its own actions but not the actions of the other." *Id.* at 14. In both of these cases, in order to assert the insurance carrier's right to defend the case, the insurance carrier filed pleadings and actively participated in the trial. In this case at bar, the insurer, State Farm, refused to file an answer and thereby placed itself in default prior to a final adjudication of the case.

## *Is State Farm Prejudiced?*

The issue presents itself: can the insurance company refuse to answer and participate and then allege prejudice? Although this appears to be a case of first impression in Virginia, a Virginia Circuit Court opinion written by Judge Randall G. Johnson, Circuit Court, City of Richmond, in *Pettis v. Spencer*, 24 Va. Cir. 310 (1991), reveals similar facts to the instant case. In *Pettis*, the plaintiff's motion for judgment was filed on September 16, 1988, and served on the defendant on September 20, 1988. The defendant filed no responsive pleadings (same as in the instant case). The plaintiff was given a default judgment on November 1, 1990, comparable to the Clerk's default judgment in the instant case. On May 3, 1991, prior to the trial on damages, the plaintiff served the Motion for Judgment on the uninsured motorist carrier. The insurance company filed grounds of defense and denied any liability because it was not served with process prior to entry of the default judgment. After receiving this pleading, the plaintiff moved to have the default judgment set aside, which the court readily did. The Richmond court held that the default judgment was not a final judgment and motions were in order to have the default judgment set aside. The Court believes that the application of the *Pettis* case stands for the proposition that once State Farm had been served, it had the obligation to assert its defense and plead prejudice if it intended to defend on the issue of liability and damages. The only explanation in this record as to why State Farm did not file an answer at that time is revealed in its letter dated March 7, 1997, filed as Appendix J, in which State Farm was relying upon Virginia Farm Bureau to settle the case within its policy limits, evidently unaware of the fact that Virginia Farm Bureau had filed no answer in the case.

State Farm contends the Entry of Default entered on January 14, 1997, before it was served with process prejudiced its right to defend and participate in the tort action. That Entry of Default, however, effected no real prejudice on either the defendant or State Farm. Rule 55(a) of the Federal Rules of Civil Procedure empowers a clerk of the court to enter an Entry of Default against a party who has "failed to plead or otherwise defend" the action filed against him. Fed. R. Civ. P. 55(a). An Entry of Default by the clerk "is merely interlocutory; it is a mechanism to provide notice to the defaulting party before default judgment is entered by the court." *Carbon Fuel Co. v. USX Corp.*, 1998 U.S. App. LEXIS 18191, No. 97-1995, 1998 WL 480809, *2 (4th Cir. Aug. 6, 1998) (citing 10 Wright, Miller & Kane, *Federal Practice and Procedure*, § 2692, at 84 (3d ed. 1998)); see also *Hill v. Barbour*, 787 F. Supp. 146, 148, n. 4 (N.D. Ill. 1992). Judgment on the matter is not final until the party moves for a default judgment to be entered by the clerk or by a judge pursuant to Rule 55(b). See *Carbon Fuel Co.*, at *2.

State Farm was served with process from the tort action one month after entry of default by the clerk. It was another three months before a default judgment was entered by the judge. During those three months, with full knowledge of the lawsuit and the possibility of a claim to the underinsured motorist coverage, State Farm did not file any motion in federal court to have the entry of default set aside. The district court could have granted the motion at this point merely "for good cause shown." Fed. R. Civ. P. 55(c); see also *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

> Since the entry of a default, as opposed to an actual default judgment, is both interlocutory and technical in nature, a court should ordinarily set one aside unless the movant fails to present a reasonable excuse for his neglect or fails to show he has a meritorious defense to the merits of the action.

*Moran v. Mitchell*, 354 F. Supp. 86, 87 (E.D. Va. 1973).

It may be likely that State Farm would have been granted a motion to set aside the entry of default because no culpable conduct on their part led to the entry of default, it had a statutory right to participate in the trial, and the plaintiff would have suffered no prejudice from having the entry of default set aside. See *Waifersong*, 976 F.2d at 292; cf. *Pettis v. Spencer*, 24 Va. Cir. 310 (Richmond City 1991) (setting aside default judgment against tortfeasor to allow uninsured motorist carrier, who was served after the entry of default, to participate in suit). Once the default ripened into a default judgment pursuant

to the judge's May 23 order, the standard to set aside the default judgment would have become more difficult for State Farm to overcome. See Fed. R. Civ. P. 55(c), 60(b); *Waifersong*, 976 F.2d at 292.

State Farm argues that the timing of the service impaired its right to participate in the tort action, but any prejudice that State Farm claims to have suffered was created by their inaction, not the plaintiff's delay in serving the carrier after an entry of default. It is true that a final judgment against the uninsured/underinsured tortfeasor would bind State Farm. However, the alleged prejudice could have been avoided by prompt action on their part to set aside the entry of default. A party should not be able to claim as a defense prejudice that it created. If State Farm made some effort to appear in and defend the federal case but was rejected, a claim of prejudice would have existed.

## Summary

Based on the above reasons, the Court states that there is a triable factual question as to whether State Farm was prejudiced because of the insured's failure to notify State Farm of the suit as required by the insurance policy. The Court further finds that the failure of the insurance carrier to file an answer asserting a defense, after being served process prior to a final adjudication of the case, waived any claim of prejudice.