**Michael GARNER Plaintiff**

v.

**Allen WALLACE A/K/A Stinger Wallace, Lufkin Police Officer Sued in His Individual Capacity And Sherman Collins, Lufkin Chief Of Police Sued in His Individual Capacity And City of Lufkin, Texas Defendants**

**No. 9:00–CV–181.**

United States District Court,
E.D. Texas,
Lufkin Division.

Feb. 7, 2001.

---

90. Def's App. at 27–29.

Curtis B. Stuckey, Stuckey, Garrigan & Castetter, Nacogdoches, TX, for Plaintiff.

Clayton Edward Dark, Jr., Lufkin, TX, for Defendant Wallace.

Paul Eugene White, Zeleskey Cornelius Hallmark Roper & Hicks, Lufkin, TX, for Defendants Collins and Lufkin.

## MEMORANDUM AND ORDER

COBB, District Judge.

This controversy involves a police officer whose off duty conduct allegedly went beyond the bounds of civility in a private contract dispute. Here, Plaintiff seeks damages and relief for the alleged violations of his civil rights by the officer, his Chief of Police, and the City of Lufkin. The defendants have filed motions to dismiss under 12(b)(1) and 12(b)(6). Because the officer's conduct was not committed "under color of state law," the motions to dismiss are granted.

### I. Introduction

Plaintiff Michael Garner filed suit against Allen Wallace, a police officer for the City of Lufkin, Sherman Collins, Chief of Police for the City of Lufkin, and the City of Lufkin ("COL") pursuant to 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights under the United States Constitution. Plaintiff specifically complains that (1) Defendant Wallace "repeatedly terrorized, assaulted, discriminated against, and otherwise tried to ruin Plaintiff Garner" because of a dispute over Garner's construction of a house for Wallace and (2) Defendants Chief Col-

lins and COL failed to take action against and acquiesced in the wrongful actions of Defendant Wallace. (Pl.'s Resp. Opp'n Def.s' Mot. Dism. at 2–3.) Prior to Garner's suit in this Court, Defendant Wallace had sued Garner in Texas State court alleging that Garner had breached the home construction contract which was to be performed outside the corporate limits of the City of Lufkin. Both suits arise out of the same factual basis. Defendants here move to dismiss Garner's suit, arguing that he fails to state a claim under § 1983 because, principally, Officer Wallace's conduct was not committed "under color of state law."

## II. Standard of Review

The standard for a motion to dismiss under 12(b)(6) has been summarized as follows: "The question ... is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5 Charles A. Wright & Arthur R. Miller, Federal Practice And Procedure § 1351, at 601 (1996); *See also, Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir. 1986). A motion to dismiss should not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *See also, Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir.1982). Conclusory allegations or legal conclusions masquerading as facts will not suffice to prevent a motion to dismiss. *See Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284–85 (5th Cir.1993). Plaintiff must "state a claim upon which relief can be granted." Fed. R.Civ.P. 12(b)(6). Aware of these standards, the Court now turns to the merits of the motions.

## III. Discussion

■ There are two essential elements to a § 1983 action: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). Taking all the facts in his Complaint as true, Plaintiff Garner has not sufficiently pled facts which satisfy the state action requirement.

■ This case may be properly characterized as one in which an off duty police officer harassed and threaten a private citizen in a purely private dispute. Whether a police officer is acting under color of law, however, does not depend on duty status at the time of the alleged violation. *See Delcambre v. Delcambre,* 635 F.2d 407 (5th Cir.1981) (per curiam). Action taken "under color of state law," moreover, is not limited only to that action taken by state officials pursuant to state law. *See Monroe v. Pape,* 365 U.S. 167, 185, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). But an off duty officer case does require a close examination of the particular facts and circumstances to determine whether the officer exercised state power or was involved in a purely private dispute. *See* Martin A. Schwartz, 1A Section 1983 Litigation Claims and Defenses § 5.5, at 499 (3d ed. Supp.2000) (citing cases).

■ The Supreme Court has explained the concept of "under color of law" in three central opinions. In *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941), the court stated that "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." In *Screws v. United States,* 325 U.S. 91, 111, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945), the Court stated more simply that "under 'color' of law means under

'pretense' of law." Finally, the Court stated that "[i]t is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given him by the State." *West v. Atkins,* 487 U.S. 42, 49–50, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Although state officials acting for purely personal reasons may act "under color of law," such individuals pursuing private aims and not acting by virtue of state authority are not acting under color of law purely because they are state officers. *See Brown v. Miller,* 631 F.2d 408, 411 (5th Cir.1980). The critical inquiry in this case, therefore, is the nature of the act—*i.e.,* whether Officer Wallace was exercising state authority.

■ A close examination of the particular facts and circumstances shows that Officer Wallace was involved in a purely private dispute with Plaintiff Garner. The dispute between Garner and Officer Wallace concerned a private contract between them—it had no relation to the state. Garner was to build a house for Wallace, and a dispute over costs and construction quality arose. Officer Wallace's actions were in no way motivated by his duties as a police officer. *Cf. United States v. Causey,* 185 F.3d 407, 415–16 (5th Cir.1999) (murder by police officer was under color of law where, among other reasons, motive for action was internal affairs complaint filed by victim against officer). Despite his abusive and threatening language, Wallace never threatened to arrest Garner, and he never threatened to have anyone else arrest him. *Cf. Griffin v. Maryland,* 378 U.S. 130, 84 S.Ct. 1770, 12 L.Ed.2d 754 (1964) (action of one who was employed by park as special policeman and who had been deputized as a sheriff and who consistently identified himself as deputy sheriff, in ordering African–Americans to leave park and in arresting them for trespassing was "state action"); *United States v. Tarpley,* 945 F.2d 806, 809 (5th Cir.1991), *cert. denied,* 504 U.S. 917, 112 S.Ct. 1960, 118 L.Ed.2d 562 (1992) (defendant police officer and fellow officer ran first officer's wife's former lover out of town in their squad car where all were in the same police department). Unlike some other off duty officer cases, it cannot be said that in this case "[t]he presence of police and the air of official authority pervaded the entire incident." *Tarpley,* 945 F.2d at 809. Wallace never used his service weapon, unmarked police car, or any other equipment that he maintained as a police officer, to threaten or harass Garner. *See Barna v. City of Perth Amboy,* 42 F.3d 809, 819 (3d Cir.1994) (unauthorized use of a police-issue nightstick not enough to color personal family dispute with "imprimatur" of state authority). All the events Garner describes occurred away from the City of Lufkin police station and outside of Lufkin where Wallace had jurisdiction. *See Barna,* 42 F.3d at 817 (describing the lack of evidence showing that the defendants' were not exercising actual police authority and including the fact that the officers were acting outside of their jurisdiction); *Askew v. Bloemker,* 548 F.2d 673, 677 (7th Cir.1976) (concluding that the individual could not have acted under color of state law because he was outside of his jurisdiction); *Rodriguez v. Milwaukee,* 957 F.Supp. 1055, 1062–63 (E.D.Wis.1997) (officers outside their jurisdiction were not acting under color of state law). Although Garner alleges that Wallace emphasized that he was a police officer, the face of his Complaint and his Response to the Motions to Dismiss in no way demonstrate that Officer Wallace's conduct was sufficient to color this personal dispute "with the imprimatur of state authority." *See*

*Barna,* 42 F.3d at 818. *See also, Hill v. Barbour,* 787 F.Supp. 146, 150 (N.D.Ill. 1992) (mere fact that off duty officer announced "Sheriff's Office" did not mean that he was exercising state power when he shot an attempted prowler); *Rodriguez,* 957 F.Supp. at 1063 (must be more to support plaintiffs' claim that officers were acting under color of state law than that the individuals identified themselves as officers).

Because Officer Wallace was not in his territorial jurisdiction, involved in a purely personal dispute, never attempted to make an arrest, and did not threaten or attempt to arrest Garner, his actions, although beyond the bounds of civility, were not state action as recognized under § 1983. Wallace's outrageous conduct would certainly seem to be relevant in the pending State court breach of contract action which he filed against Garner in Angelina County, bearing on the alleged breach of contract and possibly providing the latter with counterclaims for assault or intentional infliction of emotional distress. But his actions were not under color of state law.

## IV. Conclusion

For the foregoing reasons, Defendant Wallace and Defendants Sherman Collins and City of Lufkin's Motions to Dismiss are GRANTED.